Thomas Maddock

*v.*

Maria Astbury and others.

By articles of partnership, M. and A. stipulated that at the end of three months after the death of either of them, a valuation of all their partnership assets and property, including real estate, should be made, according to the amount of capital invested; and that the survivor should have one year thereafter to take and pay the value of such share to the legal representatives of the decedent.   One partner (A.) died intestate.—*Held,* that M. was entitled to specific performance of the contract, which of itself constituted an equitable conversion of the real estate, and that the proceeds must be divided among the intestate's next of kin.

---

Bill for specific performance.   On final hearing on pleadings and proofs.

*Mr. G. D. W. Vroom,* for complainant.

*Mr. J. Wilson,* for defendants.

The Chancellor.

On the 1st of February, 1875, John Astbury and Thomas Maddock, both of Trenton, by written articles entered into a copartnership together in the pottery business, the part-

nership to continue at the pleasure of the partners, and to be ended on one year's notice in writing; and they provided that without such notice neither of the partners should leave the firm and business. They also provided that they should contribute an equal amount of capital, and each give all his labor, skill and time to the business, and that they should share equally the profits and be equally chargeable with the debts, losses and damages, and that an equal amount, to be agreed upon between them, from time to time, should be taken weekly from the moneys received, by each partner for his support, and that all the remainder of the profits and earnings of the business should accumulate as capital for their common benefit. They also agreed that at the end of three months after the death of either of the partners, an account and valuation of all the property and assets of the partnership should be taken, and each share should be ascertained according to the amount of capital invested, and the term of one year should be allowed to the remaining partner to pay over the value of the share of the deceased partner to his legal representatives. They carried on business under those articles up to the time of the death of Astbury, which occurred on or about April 5th, 1878. The capital of the firm was invested in part in real estate (in Trenton), machinery and tools used in its business, and which were so used up to and at the time of Astbury's death. An account and valuation of the property were made, according to the provisions of the articles, and the survivor, the complainant, claims the right, under the articles, to take Astbury's share at the valuation. Astbury died intestate. The bill is filed against his administratrix and widow and children, for specific performance of the copartnership agreement in that respect.

There can be no doubt of the complainant's right to a decree which shall secure to him that which he and his copartner mutually stipulated for, and which was in fact necessary in case of the death of either of them, to the protection of the interest of the survivor. The agreement

ought to be performed. It is for the interest of all parties that it should be. The agreement for sale of the interest of the decedent to the survivor was an equitable conversion of such of the assets as consisted of real property. *Miller* v. *Miller, 11 C. E. Gr. 354*, and cases there cited.

In *Lawes* v. *Bennet, 1 Cox 167*, it was held that where an estate is contracted to be sold, it is in equity considered as converted into personalty, from the time of the contract, and that this notional conversion takes place although the election to purchase rests merely with the purchaser.

In *Curre* v. *Bowyer*, reported in a note to *Farrar* v. *Earl of Winterton, 5 Beav. 1*, it was held that, where the contract is binding at the death of the vendor, although the purchaser by subsequent laches loses his right to a specific performance, yet the estate will go to the next of kin and not to the heir at law.

In the case in hand the real property was purchased by the firm, and merely for the purposes of its business, and on the agreement that in case of the death of either of the partners it should, with the other property of the firm, be the sole property of the survivor, on the payment by him of the value of the decedent's interest, which value was to be fixed in a manner agreed upon between the partners. The proceeds of the sale of the decedent's share of the real estate will be personal property, and will be disposed of as such accordingly.