## T. W. CUNNINGHAM ET AL v. JULIA A. DAVIS.

1. TESTAMENTARY WRITING. *In form of deed. Time of taking effect.*
   An instrument of writing which is not to take effect until the death of the maker is testamentary in its character, though it be in the form of a deed, acknowledged as such, and styled a " deed" by its own language.

2. SAME. *Provisions distinguishing from deed.*
   A provision in such instrument that "this deed do not take effect until after my (the maker's) death," coupled with a direction that the beneficiary shall pay the maker's debts and have only the remaining property, shows the testamentary character of the instrument.

APPEAL from the Circuit Court of Franklin County.

HON. J. B. CHRISMAN, Judge.

This is an action of ejectment brought to recover a certain tract of land, the title to which is claimed by the contending parties from John W. Reynolds, deceased, as a common source. The plaintiff claims as the sole heir of John W. Reynolds ; the defendants claim through an alleged deed from him to Sarah A. Reynolds, deceased, they being her heirs.

In the trial of the case the defendants, in support of their title, offered in evidence, as a deed, an instrument of writing in the following language :

"STATE OF MISSISSIPPI, }
   FRANKLIN COUNTY. }

" This deed of conveyance, made and entered into by and between John W. Reynolds, of the first part, and Sarah A. Reynolds, of the second part, both of the above county and State, witnesseth : That for and in consideration of the love and affection I have for my wife, Sarah A. Reynolds, and also in consideration of the sum of four hundred dollars to me in hand paid, the receipt whereof is hereby acknowledged, I have this day granted, bargained, and sold, and by these presents do grant, bargain, sell, and convey unto the said Sarah A. Reynolds, her heirs and assigns, all of my right, title, and interest in and to the following-described tract of land, to wit [the land described being the same as that sued for],

situated in the above county and State, and all my personal property that I now own or may own at the time of my death, to my said wife, Sarah A. Reynolds, her heirs and assigns, to have and to hold forever; upon the following conditions, however, and none other, that I reserve the right to alter, change, or entirely abolish this deed if I so desire during my life, and that I retain all of the said property during my life and have the control of the same, and that this deed do not take effect until after my death, and that after my death my wife, Sarah A. Reynolds, pay all of my debts, and the remainder over paying my debts to be hers and her assigns' forever.

" Given under my hand seal this the 3d day of February, 1879.

"JOHN W. REYNOLDS."     { SEAL. }

This instrument was, on the day of its date, acknowledged as a deed.

The plaintiff objected to the admission of this instrument in evidence " on the ground that it was a paper testamentary in character and not a deed, and that it was bad as a will because not attested or probated." The court sustained the objection and excluded the alleged deed.

A judgment was rendered in favor of the plaintiff, and the defendants appealed to this court.

*W. P. Cassedy,* for the appellants.

1. We may concede all that is claimed for the instrument, and it is a good deed under § 2284 of the Revised Code of 1880, which provides, " That any interest in or claim to real estate may be disposed of by deed or will and *livery of seisen* shall not be necessary ; *and any estate may be made to commence in futuro by deed in like manner as by will.*"

2. The instrument, however, in this case is a good deed under the law, as it was before the statute referred to.

The rule is that the whole instrument must be construed together and the intent of the grantor ascertained. *Williams* v. *Claiborn et al.,* 7 S. & M. 496; *Goosey* v. *Goosey,* 48 Miss. 217; *Levy* v. *Dyess,* 51 Miss. 505; *Draper* v. *Perkins,* 57 Miss. 278.

The deed was intended to take effect at once and convey the property subject to the conditions specified. It conveyed a contingent estate to be made absolute on the death of the grantor without having changed or abolished it. There is no other construction that can be given it and preserve all the parts intact.

*W. P. Cassedy* also argued the case orally.

*Sessions & Cassedy*, for the appellee.

The instrument was "*not to take effect until after death*, and consequently vested no *present interest;* it is not, therefore, a deed, which must always operate "*in presenti.*" *Wall* v. *Wall*, 1 Geo. (Miss.) 91 ; *Epaul* v. *Canty*, 5 Geo. (Miss.) 533 ; *Sartor* v. *Sartor*, 10 Geo. (Miss.) 760 ; *Carleton* v. *Cameron*, 54 Texas 72; *Turner* v. *Scott*, 51 Penn. St. 126 ; *Harlingham* v. *Vincent*, 2 Vesey, Jr., 230 ; *Shepherd* v. *Nabors*, 6 Ala. (N. S.) 631 ; *Dunn* v. *Bank of Mobile*, 2 Ala. (N. S.) 152 ; *Brewer Adm's, etc.*, v. *Baxter et al.*, 41 Ga. 212 ; *McDaniel* v. *Johns et ux.*, 45 Miss. 632.

The provision in the instrument reserving the right to change, alter, or abolish it is utterly inconsistent with the idea of a deed, because a deed is not and cannot be revocable at the pleasure of the grantor.

CAMPBELL, C. J., delivered the opinion of the court.

In form the instrument is a deed. It was so called by the maker. It was acknowledged as such by him before a justice of the peace. Its character must be determined from its several provisions. If by it any present interest was vested it should be held to be a deed. If it was not to have any operation or effect until the death of the maker it could not be treated as a deed, although it was so named, and is in form a deed. The provision in these words, " And that this deed do not take effect until after my death," coupled with the direction that the object of the bounty of the maker of the instrument should pay all his debts and have only the remainder of his property, convinces us that the paper was testamentary in its character.

*Affirmed.*