## Eisenlohr's Estate (No. 2).

*Contracts—Agreement to pay money at obligor's death—Alleged revocation by will—Construction—Intention.*

1. The mere fact that a writing is to become effective only after the death of a party is not sufficient to give it a testamentary character.

2. The delivery of a bond to pay a sum of money at the obligor's death renders it perfect as a present obligation.

3. A partner agreed with his copartners under seal that certain sums should be paid to them upon his death. Subsequently such partner made a will wherein he revoked all former wills. Upon his death his executors, who were also his partners, took credit in their account for the amount specified in the agreement. Decedent's widow contended that the agreement was testamentary in character and was revoked by the subsequent will. *Held,* the Orphans' Court properly allowed the claim of the executors.

Argued March 23, 1917. Appeal, No. 71, Jan. T., 1917, by Josephine F. Eisenlohr, from decree of O. C. Philadelphia Co., Jan. T., 1916, No. 85, dismissing exceptions to adjudication, in Estate of Otto Eisenlohr, Deceased. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Exceptions to adjudication. Before ANDERSON, J.

The opinion of the Supreme Court states the facts.

The court dismissed the exceptions filed by Josephine F. Eisenlohr. Josephine F. Eisenlohr appealed.

*Errors assigned* were in dismissing the exceptions.

*Hampton L. Carson* and *Francis Shunk Brown,* for appellant.—The agreement in question was testamentary in character and was revoked by the subsequent will of the decedent: Beaumont's Est., 214 Pa. 445.

*Joseph Gilfillan,* of *Graham & Gilfillan,* for appellees.

OPINION BY MR. JUSTICE FRAZER, June 30, 1917:

In this case the widow appeals from the same decree appealed from by the executors in the preceding case, the question involved here being the effect of a supplemental partnership agreement pursuant to which the surviving partners took credit in the sum of $200,000 they charged against decedent's interest in the partnership before computing the balance due his estate. The

agreement in question bears even date with the partnership agreement, recites the execution of the latter, and the mutual desire of the parties to supplement it, and, after stating "that there now appears upon the books of said firm of Otto Eisenlohr & Brothers a credit to the capital account of said party of the first part [decedent] in the amount of $995,225.55, a part of which, amounting to $200,000, represents profits he intends hereby shall belong to the parties of the second part in equal parts or shares, under and subject to the terms and conditions hereinafter expressed," further provides that "in consideration of the premises and of the mutual promises herein contained, and of the payment of one dollar" the party of the first part agrees to deliver to each of the parties of the second part a nonnegotiable promissory note in the sum of $100,000, payable in one year without interest, "in lieu of present payment of the several proper shares of said parties of the second part in said profits now forming part of the capital account of the party of the first part" on the books of the firm. By further stipulation the notes are to be renewed from year to year during the lifetime of the party of the first part and "upon his death payment and discharge of said notes shall be made by the transfer of credit on the books of the firm of Otto Eisenlohr & Brothers from his capital account to each of the capital accounts of the parties of the second part of said sum of $100,000......which said transfer shall be included in and form a part of the settlement of the partnership accounts and relations of the parties, at said death of the party of the first part; and for that purpose and to that extent the interest of the party of the first part in said firm of Eisenlohr & Brothers shall not become or be a part of his estate at his death, nor become or be subject to control or disposition by his personal representatives or heirs or next of kin." Appellant contends this agreement was testamentary in character and revoked by the subsequent execution of

the will of testator, containing a clause revoking all former wills.

The mere fact that a writing is to become effective only after the death of a party is not sufficient to give it a testamentary character. "A man may give a present bond to pay a sum of money at his death, and a delivery of it to the obligee renders it perfect as a present obligation though payable at a subsequent whether a fixed or an uncertain period to be afterwards ascertained and made certain. It is strictly debitum in presenti solvendum in futuro, and is as irrevocable as any other obligation under seal, which in law imports consideration": Mack & Person's App., 68 Pa. 231, 233. See also Hummel's App., 161 Pa. 215. Consequently the mere fact that the agreement provided for renewal of the notes from year to year and to payment after the maker's death did not necessarily make it testamentary in character. The agreement in question was entered into contemporaneously with the partnership agreement and was evidently executed as a result of the partnership. It was competent for the parties to make such disposition or contract as they chose concerning the capital of the firm and division of profits, and evidently the writing referred to was based on reasons satisfactory to themselves. The supplemental agreement was executed contemporaneously with the partnership agreement and consequently had ample consideration for its support. In addition to what we have said the agreement recites a consideration of one dollar and is under seal. It bears every indication of an existing obligation based on a valid consideration, and payable after the death of the obligor. In this respect it is clearly distinguishable from Beaumont's Est., 214 Pa. 445, and kindred cases relied upon by counsel for appellant. In the case named decedent executed a paper designated a deed, by which he assigned to a trust company certain bonds to collect the interest thereon and apply it to the payment of premiums on a policy of life insurance and after his

death pay the proceeds to certain persons, reserving the right to revoke or annul the deed. This court there held the writing was testamentary in character and was revoked by a later will. The reason for the conclusion reached in that case is stated in the following language (page 449) : "In effect it is a mere power of attorney; it was made for the grantor's own personal convenience; the trustee therein was to account to the grantor for all that might be due under the powers granted; it passed no beneficial interest during the lifetime of the grantor." In the present case we have a mutual agreement based on a consideration and which by its terms clearly passes a present interest in the fund payable at the death of the obligor.

The judgment is affirmed.