PROFIDA FERRARA ET AL. vs. MARCO ANTONIO RUSSO.

OCTOBER 29, 1917.

PRESENT: Parkhurst, C. J., Sweetland, Baker, Vincent, and Stearns, JJ.

(1)  *Contracts.  Testamentary Agreements.  Wills.  Partnership.*

An agreement between parties engaged in business as co-partners, that in the event of the death of one of the parties the entire assets of the business should become the property of the other, who obligated himself to pay a stipulated sum therefor to the heirs at law of the deceased, is invalid, being testamentary in character, but not having been executed in conformity with the provisions of the chapter of wills, is also bad as a will.

(2)  *Contracts.  Testamentary Agreements.  Partnership.*

Under an agreement between co-partners that in the event of the death of one the other should acquire the entire assets of the business, making payment to the heirs at law of deceased, which agreement was invalid as being testamentary in character, the fact that the surviving partner took possession of the partnership property after the death of his partner is not significant, as he was entitled so to do, being accountable to the representative of his partner's estate for its share of the surplus assets, if any. .

(3)  *Writs of Error.*

On writ of error, affidavits as to happenings at or about the time of decision in a district court will not be considered, as under the writ only such alleged errors as appear upon the face of the record will be reviewed.

WRIT OF ERROR.  Relief granted.

BAKER, J.  On the petition of the defendant in the above-entitled cause a writ of error has been issued by this court addressed to the district court of the sixth judicial district.  Said district court has sent to this court for inspection the record and proceedings in said cause.

By said record it appears that Profida Ferrara, Maria D'Angelus and Antonio Ferrara commenced in said district court on February 11, 1916, an action of the case in

assumpsit against the defendant, and that the action was based on an alleged written agreement by and between said defendant and one Carmine Ferrara, now deceased, the declaration setting forth in substance that the said Carmine and the defendant by said agreement " were to be engaged in the printing business " (impliedly as co-partners) " and that in the event of the death of Carmine Ferrara then all the said printing establishment was to become the property of the said defendant, and in consideration thereof the said defendant did then and there agree in writing with the said Carmine that he would pay unto the heirs at law or the family of the deceased the sum of two hundred and seventy-five dollars." The declaration further avers that upon the death of said Carmine the defendant took possession of all of the interest which Carmine had in said printing establishment, that the plaintiffs are the only heirs at law and relatives of the deceased, and that the defendant has neglected and refused to pay them said two hundred and seventy-five dollars, though requested so to do.

The record does not show when the case was tried, but it appears therefrom that on September 20, 1917, said district court rendered a decision for the plaintiff for $275 and costs, that on September 27 judgment was entered on the decision as of September 20 and that execution was issued on the judgment on October 1, 1917.

(1)    The question presented by the assignment of error is, conceding the allegations of the declaration to be true in fact — did the parties make a valid and enforceable contract for the transfer to the defendant of what in his lifetime was Carmine Ferrara's share in the printing establishment? We think not. No present interest in Carmine's share of the business was by the agreement vested in the defendant. On the contrary it is plain that under it Carmine was to retain his interest in the establishment so long as he continued to live, as it is in effect alleged that he did. The agreement only provides and directs

what was to be done after the death of Carmine. An
agreement or instrument of this kind is held to be testa-
mentary in character. The essence of such definition is
that it is a disposition to take effect after death. And
the form is not material, if its substance is testamentary.
*Habergham* v. *Vincent,* 2 Vesey Jr. 204, 231; *Turner* v.
*Scott,* 51 Pa. St. 126; *Frederick's Appeal,* 52 Pa. St. 338;
*Frew* v. *Clarke,* 80 Pa. St. 170, 178; *Cunningham* v.
*Davis,* 62 Miss. 366. In *Turner* v. *Scott, supra,* the in-
strument was an indenture, father to son, purporting to
convey real estate with general warranty, in considera-
tion of love and affection, performing certain services and
maintaining grantor's wife, if she survived him " con-
veyance in no way to take effect until after his decease."
Held to be a testamentary instrument and therefore rev-
ocable, the fact of revocation being in issue in that case.
In *Cunningham* v. *Davis, supra,* a husband by an instru-
ment in the form of a deed in consideration of love and
affection and the payment of four hundred dollars pur-
ported to convey to his wife certain real estate and all
his personal property subject to the proviso that he re-
tain all of said property during his life and that the
deed should not take effect until after his death. In the
trial court it was ruled that the instrument " was a paper
testamentary in character and not a deed, and that it
was bad as a will because not attested or probated." The
Supreme Court in affirming the judgment below said:
" In form the instrument is a deed. It was so called by
the maker. It was acknowledged as such by him before
a justice of the peace. Its character must be determined
from its several provisions. If by it any present interest
was vested it should be held to be a deed. If it was not
to have any operation or effect until the death of the
maker it could not be treated as a deed, although it was
so named, and is in form a deed. The provision in these
words, ' And that this deed do not take effect until after
my death,' coupled with the direction that the object of

the bounty of the maker of the instrument should pay all his debts and have only the remainder of his property, convinces us that the paper was testamentary in its character.''

In the present case if the agreement declared on is not valid as a contract, it is obvious also that it is bad as a will in that it is not shown that it was executed in conformity to the provisions of Section 13 of Chapter 254 of the General Laws.

(2) The fact that the defendant took possession of all the partnership property after the death of his partner is without significance as he was entitled to do so as surviving partner. He was of course accountable to the executor or administrator of his deceased partner's estate for its share of the surplus assets, if any. The parties have filed affidavits as to certain happenings at or about the time the decision was filed in the district court which are matters of fact outside of the record. We have not passed on any questions thus attempted to be raised as

(3) under the writ only such alleged errors as appear upon the face of the record will be considered. *Paterie* v. *Davignon*, 38 R. I. 585.

As we have found that the agreement declared on respecting the transfer to the defendant of the share of the printing establishment belonging to Carmine Ferrara in his lifetime did not create a valid and enforceable contract, we decide that the district court of the sixth judicial district committed an error of law in deciding that the defendant was legally bound by said agreement, and in entering judgment for the plaintiffs against the defendant in the sum of $275 and costs.

And as appears by the rescript filed in this cause on October 23rd instant, said judgment was reversed and set aside, and it was ordered that further proceedings under the execution issued on said judgment be permanently stayed.

The papers in the original case entitled *Antonio*

*Ferrara et al.* v. *Marco A. Russo,* numbered 78485 in the district court of the sixth judicial district, are remitted to said district court.

*Benjamin Cianciarulo,* for plaintiff.
*Washington R. Prescott,* for defendant.