UNITED STATES TRUST COMPANY OF PATERSON, NEW JERSEY, A CORPORATION, RESPONDENT, v. MARY E. GIVEANS, APPELLANT.

Submitted December 5. 1921—Decided March 6, 1922.

Defendant and decedent, in her lifetime, executed an instrument reciting that they had purchased a safe, and "upon the death of either one the safe and personal contents becomes the property of the other, cash, bank-book and bonds, etc." *Held*, to be a contract which attempts to dispose of property after death, after the manner of a will, without being executed in conformity with the statute of wills.

---

On appeal from the Supreme Court.

For the appellant, *Michael Dunn, John M. Ward* and *Peter McGinnis.*

For the respondent, *Wayne Dumont* and *Clifford Newman.*

The opinion of the court was delivered by

KALISCH, J.    Janè C. Wrigley died testate and the plaintiff (under its former name, German American Trust Company) was named as the executor of her will. At the time of her death, Mrs. Wrigley boarded with the defendant, and had in her room a certain safe and contents, consisting of bonds, bank books, mortgages, receipts, &c., all in her name. The plaintiff, as the executor of Mrs. Wrigley's will, made demand upon the defendant to deliver possession of the safe and contents to it, which demand the latter refused, claiming that she became the owner of the property at the death of Mrs. Wrigley by virtue of the following instrument in writing:

"We, Jane C. Wrigley and Mary E. Giveans, have on this day purchased a safe made by the American Safe Company of Anderson, Indiana. Number of safe is 7169, under the following agreement: Upon the death of either one the safe and personal contents becomes the property of the other, cash, bank books and bonds, &c.

> JANE C. WRIGLEY.    (SEAL)
> MARY E. GIVEANS.    (SEAL)

Signed, sealed and delivered
    in the presence of
        SUSAN I. GLUFF.
        ROBERT W. PATTERSON."

Thereupon the plaintiff brought an action of replevin to recover possession of the property, and, at the trial of the cause, the court directed a verdict for the defendant, as to the safe, with damages of six cents, and a verdict in favor of the plaintiff for the possession of the contents of the safe.

The legal question presented on this appeal is whether upon the death of Mrs. Wrigley the agreement above set forth had the legal effect to transfer her title to the contents of the safe to the defendant. We think the agreement had no such effect.

For the respondent it is argued that the agreement made between Mrs. Wrigley and the defendant is not a contract founded upon a consideration, but this is not so, because upon the death of either party to it the safe and contents were to be the property of the other; each in consideration of acquiring the other's property undertook to give up hers at death.

But, nevertheless, the document could not operate to transfer any title to the contents of the safe to the defendant, for the obvious reason that it was a contract in the nature of a will; it was a contract which attempts to dispose of property after death, after the manner of a will, without being executed as a testament in conformity with the statute of wills. *Stevenson* v. *Earl*, 65 *N. J. Eq.* 721; *Schlicher* v. *Keeler*, 67 *Id.* 635; *McCullough* v. *Forrest*, 84 *Id.* 101; *Hunt* v. *Naylor, Id.* 646.

Nor was it a gift, *inter vivos*, which requires passing of the donor's title at once to the donee absolutely and irrevocably. *Mathews* v. *Hoagland*, 48 *N. J. Eq.* 455. Nor did the document operate to create a trust in favor of defendant (*Stevenson* v. *Earl, supra*), because the would-be donor did not part with her interest and put the property out of her power in any way.

The judgment is affirmed, with costs.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, PARKER, BERGEN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK, JJ. 14.

*For reversal*—None.