## Miller *v.* McClune, Executor, Appellant.

*Decedent's estates—Agreement to take effect after death—Testamentary instrument.*

A written instrument, reciting that the signer is indebted to the mother of one of the parties and agreeing that a sum of $1,900 shall be paid out of his estate after his death, is not necessarily testamentary in character. It is a present obligation to be discharged in the future.

The mere fact that a writing is to become effective only after the death of a party is not sufficient to give it a testamentary character. The delivery of a bond to pay a sum of money at the obligor's death renders it perfect as a present obligation. The agreement not only implied the existence of such an obligation but liquidated the amount necessary to discharge the same. It recited a just debt, founded upon a valuable consideration, it agreed to pay the same after his death to the only living·party entitled to receive any part of it, and was to that party delivered.

Under such circumstances, the case was for the jury.

Argued April 12, 1926. Appeal No. 95, April T., 1926, by defendant, from decree of C. P. Clarion County, February T., 1925, No. 69, in the case of E. E. Miller v. C. W. McClune, Executor of the Estate of William Sheridan, deceased. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Assumpsit on written agreement. Before HARVEY, P. J.

The facts are stated in the opinion of the Superior Court.

The Court instructed the jury to render a verdict in favor of the defendant. Subsequently, on motion of plaintiff, the court granted a new trial. Defendant appealed.

*Error assigned,* among others, was the decree of the Court.

*George F. Whitmer,* and *W. J. Geary,* for appellant. —The paper was testamentary in character: Wilson v. VanLeer, 103 Pa. 600; Geisinger's Will, 5 D. & C. 493; Patterson v. English, 71 Pa. 454; Tozer v. Jackson, 164 Pa. 373; Grady v. Sheehan, 256 Pa. 377; Megary's Estate, 206 Pa. 260.

*Harry C. Golden,* and with him *Corbett & Rugh,* for appellee.—The mere fact that a writing is to become

effective only after the death of a party is not sufficient to give it a testamentary character: Eisenlohr's Estate, (No. 2), 258 Pa. 438; Kelly v. Burnham, Williams & Company, 248 Pa. 223; Kirby v. Kirby, 248 Pa. 117; Kauss v. Rohner, 172 Pa. 481; Conkle v. Byers' Exr., 282 Pa. 375.

OPINION BY PORTER, P. J., July 8, 1926:

The plaintiff in this action of assumpsit founds his claim upon the following written agreement: "Agreement made and entered into by and between William Sheridan, party of the first part, and E. E. Miller, party of the second part. The party of the first part hereby agrees to pay to the said party of the second part the sum of One Thousand Nine Hundred ($1,900) Dollars in payment of nineteen years' service rendered to party of first part, as housekeeper by Minnie L. Miller, mother of party of second part, and to be taken out of the estate of the party of the first part after his death. And furthermore, the party of the second part agrees not to present this claim during the lifetime of the party of the first part. In witness whereof we have set our hands and seals this thirtieth day of June, the year of our Lord One Thousand Nine Hundred and Three.

                    (Signed)    Wm. Sheridan
                               E. E. Miller."

The plaintiff produced evidence at the trial sufficient to warrant a finding that Minnie L. Miller had served the defendant as housekeeper for nineteen years; that she died in 1903, leaving as her only heir this plaintiff, her son; that within one year after her death the above quoted written agreement was executed by the parties thereto and delivered to this plaintiff; that the plaintiff was the only person who had any interest in her estate and that no letters of administration were taken

out; that William Sheridan died on July 24, 1924, and that this action was commenced on January 14, 1925. The learned judge who tried the cause was of opinion that the written agreement was testamentary in character and gave binding instructions in favor of the defendant and the jury rendered a verdict in accordance therewith. The plaintiff took an exception to this instruction of the court and subsequently moved for a new trial. The court below, after hearing the arguments on the motion for a new trial and reviewing the evidence, became convinced that he ought to have submitted the case to the jury and granted a new trial, to which ruling counsel for the defendant took an exception. The defendant appeals and here assigns for error the order of the court granting a new trial.

It is contended on behalf of the defendant that the written contract upon which this action is based was testamentary in character. If this contention is sound, the plaintiff was not entitled to recover, for Sheridan had subsequently to the date of the agreement executed a will which was duly admitted to probate after his death. The court, in granting the new trial, did so upon the ground that the contract was not testamentary in character and that the case was for the jury. It is argued on behalf of appellant that the granting of the new trial upon this ground involved an error in law and that the order ought for that reason to be reversed.

The mere fact that a writing is to become effective only after the death of a party is not sufficient to give it a testamentary character. Delivery of a bond to pay a sum of money at the obligor's death renders it perfect as a present obligation. It is strictly debitum in presenti solvendum in futuro, and is as irrevocable as any other obligation, when founded on sufficient consideration: Shields and wife v. Irwin, et al., 3rd Yates 389; Eisenlohr's Estate (No. 2), 258 Pa. 438.

The agreement with which we are now dealing operated as a present obligation, by the intention of the parties. It recited that the $1,900 was in payment of nineteen years' service rendered to party of the first part, as housekeeper, by Minnie L. Miller, mother of party of the second part. In the absence of this acknowledgment of an existing obligation, the presumption would arise that Minnie L. Miller had been paid for her services as housekeeper at the usual intervals for which such services are compensated. The term "payment" implies the discharge of an existing obligation. This agreement not only implied the existence of such an obligation but liquidated the amount necessary to discharge the same. It recites a just debt, founded upon a valuable consideration, it agrees to pay the same to the only living party entitled to receive any part of it, and was to that party delivered. It is true that the plaintiff was not the administrator of the estate of his mother, but he had the right to so administer, and, as disclosed by the evidence, he was the only party interested in the estate. While it is the better practice to have estates pass through the regular course of administration, there are many cases in which it has been recognized that when parties make such an arrangement as that to which these parties resorted, such an arrangement is not void and will bind the parties to it until it is shown that the rights of other parties have been prejudiced. There was not at the time this agreement was executed any tax upon direct inheritances and the Commonwealth could not be defrauded of any tax on the estate of Minnie L. Miller, to which her son was the only heir. The case was for the jury and the assignments of error are overruled.

The order of the court granting a new trial is affirmed.