*322 OPINION.
Smith :
The petitioners’ first contention is that the annual payments which were made to their mother out of partnership income are deductible from their gross income as interest paid under section 23 (b) of the Revenue Act of 1934. The provision of the statute is that in computing net income there shall be allowed as a deduction from gross income “all interest paid or accrued within the taxable year on indebtedness.” (Emphasis supplied.) It is quite plain that the payments which the petitioners made to their mother were not interest “on indebtedness.”
It was clearly the intention of the partners that the principal amounts of the notes which the petitioners executed in favor of their mother should never be paid. They were to become payable only upon default of the payment of interest and in the absence of such default they were to be canceled upon the mother’s death. Since their ultimate payment depended entirely upon the wishes and acts of the obligors themselves, they did not represent indebtedness of the petitioners. It is axiomatic that, if the notes did not evidence an indebtedness, the so-called interest paid on them was not interest “on indebtedness” within the meaning of the statute.
The payments in question were, we think, more in the nature of annuities. Looking at the decedent’s will and at the preexisting partnership agreement, the terms of which in this respect are substantially the same, and at the contracts between the petitioners and their mother, each of the petitioners was obligated to pay to his mother annually an amount computed at 6 percent of the value of his one-third interest in his deceased father’s interest in the partner *323 ship. Unquestionably the petitioners were legally bound to make these annual payments to their mother and it may be assumed, as the petitioners argue in their brief, that under the laws of the Commonwealth of Pennsylvania the payments were a charge upon the partnership assets, at least to the extent of the interest of the deceased father.
The facts here are similar to those in Commissioner v. Smiley, 86 Fed. (2d) 658, where the court held, reversing 33 B. T. A. 198, that the devisees who took a hotel property subject to certain annuities and operated the property under a partnership agreement were taxable on the entire partnership income without deduction of the annuity payments. The devisees were said to be personally liable for the annuities, regardless of the amount of income derived from the property, and the annuities were held to be a charge against the devised property, on which the annuitants had a lien as security for the payments due them.
Although the point is not raised by the parties to these proceedings, there is a question whether the petitioners here acquired their father’s interest in the partnership by devise under his will or by purchase under the preexisting partnership agreement. See discussion in 68 Corpus Juris 619, where it is stated:
* * * it lias been held by some antborities that an agreement as to tbe disposition of partnership assets in case of tbe death of a partner is of a testámentary character, and by other authorities that it is contractual only.
See also McKinnon v. McKinnon, 56 Fed. 409; In re Eisenlohr's Estate, 258 Pa. 438; 102 Atl. 117; In re McGinley’s Estate, 257 Pa. 478; 101 Atl. 807; Ferrara v. Russo, 40 R. I. 533; 102 Atl. 86. The above cited Pennsylvania cases support the general principle that a valid contract based on adequate consideration to dispose of property after death is enforceable by the surviving contracting party.
If then, as appears to .be the case, the petitioners acquired their interests in their father’s share of the partnership assets by purchase under the partnership agreement of January 10, 1929, it must follow that the payments which the petitioners made to their mother pursuant to the partnership agreement were capital expenditures, constituting a part of the consideration paid for such assets. See Scott v. Commissioner, 29 Fed. (2d) 472; Hill v. Commissioner, 38 Fed. (2d) 165; Corbett Investment Co. v. Helvering, 75 Fed. (2d) 525; Edwards v. Commissioner, 102 Fed. (2d) 757.
In Scott v. Commissioner, supra, a father transferred his interest in a partnership business to his three sons in consideration of their payment to him of an annuity for life and after his death a farther annuity to his widow for life. The court held that the sons were taxable on their entire shares of partnership income without deduction of the annuity payments. To the same effect is Edwards v. Commissioner, *324 supra. There a father and son operated a business jointly under an agreement that upon the death of either the survivor should become the owner of the business and should pay a certain amount monthly to the widow of the deceased joint owner. The court held, affirming the Board, that the payments which the son made to his mother after his father’s death, pursuant to the agreement, were not deductible in computing his net income from the business.
We are of the opinion that the petitioners here are taxable on the entire amount of the income received from the partnership without either the deduction of the annuities paid to their mother as interest on indebtedness or the exclusion of the amounts from their distributable shares of partnership income.
Reviewed by the Board.

Decisions will be entered for the respondent.