[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 572 
The issue here is whether a provision in a partnership agreement between plaintiff's intestate and the defendant is valid and binding, or void because testamentary in nature. The plaintiff's intestate and the defendant were partners without a written agreement from July 1, 1941, until July 12, 1946, on which date they entered into formal articles of partnership, which provided that the partnership "shall continue for such time as may be mutually agreeable." The clause which is the subject of the litigation is as follows: "It is further agreed, in the event of the death of either partner before the termination of the partnership by mutual consent, that the surviving partner shall pay to the legal representatives of the deceased partner the sum of One Thousand ($1,000) Dollars, that said sum shall represent the deceased partner's entire interest in the partnership and that upon such payment the surviving partner shall become the sole owner of the partnership business."
The plaintiffs' intestate died on February 17, 1948. The defendant has tendered the sum of $1,000 to the plaintiffs, who have refused to accept the same and have filed a complaint praying for dissolution of the partnership, an accounting and the appointment of a receiver. Thereupon, an order to show cause was entered. The defendant has resisted the application and filed an answer.
There is no dispute as to the facts. The plaintiffs claim that the clause in question is testamentary in nature and void, because not drawn in conformity with the statute of wills, *Page 573 
while the defendant claims it is valid and enforceable. Both counsel seem to be of the impression that the precise question isres nova in this State. While my research has not discovered any reported case in this State on the identical facts and issues, nevertheless I am of the opinion that controlling principles are to be found in the adjudicated cases in this State.
Similar provisions in partnership agreements are common and have uniformly been declared valid and enforceable in the vast majority of states. 40 Am. Jur., Partnership, § 310, p. 346; § 312, p. 347; 47 C.J., Partnership, § 653, p. 1067;Notes, 73 A.L.R. 983; 1 A.L.R.2d 1265. Of course, if the provision is testamentary in nature, it is void, because not executed in conformity with the statute of wills. Reed v.Bonner, 91 N.J.L. 712 (E. A. 1917); United States TrustCo. v. Giveans, 97 N.J.L. 265 (E. A. 1921); AmericanUniversity v. Conover, 115 N.J.L. 468 (E. A. 1935).
"The confusion results from the attempt to attach to the transaction characteristics of both a will and a contract. These characteristics are, however, entirely distinct. A contract operates immediately to create a property interest in the premises while a will is revocable, or, more properly speaking, inoperative or ambulatory until the death of the testator, at which time it operates to create a property interest in the beneficiary." Yale Law Journal, Vol. 27, Part 1, p. 542; 57Am. Jur., Wills, § 15, p. 48. The undertaking of a party under a contract is made in consideration of something to be paid or done by or on behalf of the other party, so that the obligation to and the right to require performance are reciprocal. A contract creates a present, enforceable and binding right over which the promisor has no control without the consent of the promisee, while a testamentary disposition operates prospectively. 57 Am. Jur., Wills, § 40, p. 67. An instrument which does not pass any interest until after the death of the maker is essentially a will. But not every instrument which provides for performance at or after death is testamentary in character. If the instrument creates a right in the promisee before the death of the testator, it is a contract. "A will is dispositive; a contract promissory. A will is *Page 574 
gratuitous; while a contract * * * requires consideration." 1Page, Wills, (Lifetime Ed.), § 83, p. 179. "There is nothing in the Statute of Wills that prevents the creation by contract of a bona fide equitable interest in property and its enforcement after the death of a contracting party, even though the date of death is agreed upon as the time for transfer of the legal title." Legro v. Kelley, 311 Mass. 674,42 N.E.2d 836 (Sup. Ct. Mass. 1942).
The great weight of authority is to the effect that "an otherwise sufficient contractual instrument, based on consideration, by which the promisor agrees, in substance, that ownership of or a designated right in property owned by him shall pass to the promisee at the promisor's death, is not rendered testamentary in character merely because of a provision naming the death of the promisor as the time for the transfer of the legal title to the promisee. If the instrument does invest him,in praesenti, with an irrevocable contractual interest in the property, it is not testamentary." Note, 1 A.L.R.2d 1207. Specifically, "a provision in a partnership agreement that on the death of one of the partners his interest in the partnership shall become the property of the other partners is not invalid as testamentary in nature, and therefore inoperative because of failure to conform to the requirements of the Statute of Wills."73 A.L.R. 980; 1 A.L.R.2d 1265; McKinnon v. McKinnon,56 Fed. 409 (C.C.A. 8th Mo. 1893). Howe's Estate, 31 Cal.2d 395, 189 P.2d 5, 1 A.L.R.2d 1171 (Cal. Sup. Ct. 1948);Faggelle v. Marenna, 131 Conn. 277, 38 A.2d 791 (Conn.Sup. Ct. Errors 1944); Casey v. Hurley, 112 Conn. 536,152 A. 892 (Conn. Sup. Ct. Errors 1931); More v. Carnes,309 Ky. 41, 214 S.W.2d 984 (Ct. App. Ky. 1948); Murphy v.Murphy, 217 Mass. 233, 104 N.E. 466 (Sup. Ct. Mass. 1914);Hale v. Wilmarth, 274 Mass. 186, 174 N.E. 232,73 A.L.R. 980 (Sup. Jud. Ct. Mass. 1931); Kavanaugh v. Johnson,290 Mass. 587, 195 N.E. 797 (Sup. Jud. Ct. Mass. 1935);Ottaviano v. Lorenzo, 169 Md. 51, 179 A. 530 (Ct. App.Md. 1935); Ireland v. Lester, 298 Mich. 154, 298 N.W. 488
(Sup. Ct. Mich. 1941); In re Mildrum's Estate,177 N.Y.S. 563 (Sur. Ct. *Page 575 
1919); In re Eddy's Estate, 26 N.Y.S.2d 115; affirmed,30 N.Y.S.2d 848; affirmed, 290 N.Y. 677, 49 N.E.2d 628; Inre Karlinski's Estate, 38 N.Y.S.2d 297 (Sur. Ct. 1942); Inre Eisenlohr's Estate, 258 Pa. 438, 102 A. 117 (Sup. Ct.Pa. 1917); 50 Yale Law Review (1940) 202; Rowley,Partnerships (1916), § 638; Story, Law of Partnership (7thed.), § 199.
In the leading case on the subject, McKinnon v. McKinnon,supra, the court rejecting the contention that the partnership provisions were invalid as testamentary dispositions, but on the contrary holding them valid and enforceable, said:
"They constitute an executory agreement, which determines the rights of the parties inter se, and provides what disposition shall be made of the partnership property on the happening of a certain event. * * * We can conceive of no sufficient reason why an agreement contained in partnership articles, to the effect that, in a certain contingency, one of the partners shall succeed to all of the partnership assets, should not be held valid, and should not be specifically enforced in equity when the contingency happens, if an agreement such as we have last referred to is held to be valid and enforceable, as it certainly is in the state where this controversy had its origin. Under such an arrangement between partners the one in whom the right of survivorship is thus vested would hold all of the partnership assets, subject to the payment of the partnership debts, as he would in any event; and we are not aware of any considerations which should preclude the making or the enforcement of such an agreement."
"In the last analysis, the agreement is a bilateral contract consisting of mutual promises to sell or buy, to be determined in the future by an event sure to occur. * * * The fact that the death of one of the parties is to determine the time of performance does not of itself make the agreement testamentary. It is as proper to set death as a date for performance as any other time that could be stipulated." Ireland v. Lester, supra.
The plaintiffs cite as authority and rely upon the case ofFerrara v. Russo, 40 R.I. 533, 102 A. 86, L.R.A. 1918B 905 (Sup. Ct. R.I. 1917), which did construe such a provision to be testamentary in character. However, the decision has been characterized as being "utterly unjust and seemingly unjustifiable," *Page 576 Yale Law Journal, Vol. 27, Part I, p. 542, and the effect of the decision in that state was overcome by the provision of section 10 of chapter 428 of the General Laws of Rhode Island, 1938, which provides: "No partnership agreement in writing * * * shall be deemed testamentary in character or for that reason invalid or unenforceable because such agreement contains a provision * * * regulating in the event of the death of any of the partners, the transfer, distribution or other disposition of the assets of the partnership, or any of them, to or among the surviving partners or any of them, or their successors, or the estate of the deceased partner. * * *"
Though none of the reported cases in this State seems to have considered the instant question, it seems clear that we are in accord with the marked weight of authority. In several cases in this State involving litigation between a surviving partner and the estate of the deceased partner, concerning partnership agreements, the courts have assumed the validity of the provisions and enforced them, hence negating the suggestion that the provision under consideration is testamentary in character.
In Maddock v. Astbury, 32 N.J. Eq. 181 (Ch. 1880), the articles of partnership provided that it was "agreed that at the end of three months after the death of either of the partners, an account and valuation of all the property and assets of the partnership should be taken, and each share should be ascertained according to the amount of capital invested, and the term of one year should be allowed to the remaining partner to pay over the value of the share of the deceased partner to his legal representatives." The firm invested in part in real estate. Astbury died, and an account and valuation of the property was made according to the provisions of the articles. The bill was filed against the administrators for specific performance of the co-partnership agreement. Chancellor Runyon held "There can be no doubt of the complainant's right to a decree which shall secure to him that which he and his co-partner mutually stipulated for, and which was in fact necessary in case of the death of either of them, to the *Page 577 
protection of the interest of the survivor. The agreement ought to be performed. It is for the interest of all parties that it should be. The agreement for sale of the interest of the decedent to the survivor was an equitable conversion of such of the assets as consisted of real property. In the case in hand the real property was purchased by the firm, and merely for the purposes of its business, and on the agreement that in case of the death of either of the partners it should, with the other property of the firm, be the sole property of the survivor, on the payment by him of the value of the decedent's interest, which value was to be fixed in a manner agreed upon between the partners." In the case at bar, according to the articles of partnership, the firm had invested in real estate for business purposes and the foregoing authority is highly pertinent.
In Dobbins v. Tatem, 25 A. 544 (Ch. 1882), the partnership agreement contained a provision for the purchase by the surviving partner of the interest of a deceased partner. However, prior to the death of either partner, dissolution proceedings were instituted. In the course of his decision, Vice-Chancellor Bird said "If Tatem survived, then, when he should have paid $5,000 to the heirs of Dobbins, the entire interest became Tatem's; if Dobbins survived, then such interest became his absolutely." While the case did not call for a construction of this particular clause, nevertheless the validity thereof was implied.
In the leading case of Wild v. Davenport, 48 N.J.L. 129
(E. A. 1886), it was held that an agreement for the continuation of an enterprise after the death of a partner was valid upon ordinary contract principles and was binding "as well upon the estate of the deceased as upon the surviving partner."
It was within the power of the partners to fix, in the articles of partnership, the valuation of the interest of a partner in the event of his death. Indeed, the Uniform Partnership Act, R.S.
42:1-42 and 43, provides for ascertainment of the value of a deceased partner's interest, in the absence of agreement between the partners themselves. Thus, it has *Page 578 
been held that agreements between partners with respect to liquidation of the partnership on the death of one of the members, are binding. Bellisfield v. Holcombe, 102 N.J. Eq. 20
(Ch. 1927); In re Eddy's Estate, supra; Pailthorpe v.Tallman, 72 N.Y.S.2d 784 (Sup. Ct. N.Y. 1947). "All rights against the surviving partner are merged into the agreement and the representative had no rights outside the agreement."Kavanaugh v. Johnson, supra. The cases of Reed v. Bonner,supra; United States Trust Co. v. Giveans, supra, and AmericanUniversity v. Conover, supra, upon which the plaintiffs rely, are not applicable; none involves a provision in a partnership agreement and each is clearly distinguishable upon the facts.
In Reed v. Bonner, supra, a check was executed and delivered, and the money received by the payee, upon the understanding that he was to pay interest on the amount thereof during the life of the maker and to have the principal at the maker's death. This agreement was declared invalid being in the nature of a testamentary disposition.
In United States Trust Co. v. Giveans, supra, the survivor of two contracting parties claimed to own a safe and documents contained therein, by virtue of an instrument which provided that upon death of one, the safe and contents should become the property of the survivor. The court affirmed a judgment awarding the safe to the survivor, but concluded that the instrument could not operate to transfer title to the contents of the safe for the reason that it was a contract in the nature of a will and not executed in conformity with the Statute of Wills. However, compare with In re Koss, 106 N.J. Eq. 323 (E. A. 1930).
In American University v. Conover, supra, a provision in a subscription pledge due upon death of the pledgor, but payable one year thereafter, out of the proceeds of his estate, by the executor or administrator, the Court of Errors and Appeals held to be testamentary and unenforceable as a contract.
I conclude that the provision under consideration is valid and lawful, and not testamentary in nature. The order to show cause heretofore entered in this matter will be discharged. *Page 579