Hall, et al. *v.* Clements, et al.

May 26, 1952.

No. 38382 (58 So. (2d) 925)

Hugh N. Clayton and Claude F. Clayton, for appellant.

446

C. R. Bolton, and A. T. Cleveland, for appellees.

**McGehee, C. J.**

Subsequent to the trial of the above styled cause the ward Mrs. Clara Hall, an alleged non compos mentis, died and this case has been revived in the name of W. Herman Camp, administrator of the estate of Mrs. Clara Hall, deceased, against the appellees, Mrs. R. E. Clements and her daughter Doris Clements.

It is sought herein to have declared void a deed of conveyance executed by Mrs. Gertrude Clements on August 30, 1934, in favor of her son, R. E. (Rack) Clements, husband and father of the appellees respectively, whereby she conveyed to him a considerable area of land in Itawamba County and reserved unto herself a life estate therein. At the time of the execution of the conveyance in question Mrs. Gertrude Clements had one son, the said R. E. (Rack) Clements, a daughter Mrs. Clara Hall, and a granddaughter Lora Mable Hall, whose mother had predeceased the grantor. The cancellation of the deed was sought on the ground of the alleged mental incapacity of Mrs. Gertude Clements to execute a valid deed of conveyance on August 30, 1934, and on the further

ground of the confidential and fiduciary relationship which existed between her and the grantee R. E. Clements, it being alleged that the deed was executed by his mother, Mrs. Gertrude Clements, without independent advice in regard thereto. From a decree which adjudicated the mental capacity of the grantor to execute the conveyance in 1934 in lieu of a former deed of conveyance executed by her in favor of the son on March 15, 1925, and that there was an absence of undue influence in connection therewith, this appeal is prosecuted.

The deed of March 15, 1925, undertook to convey to R. E. Clements, who was then away from home as a student at the University of Mississippi, the same land described in the deed of August 30 1934. The latter deed was executed for the reason that the grantor had learned in 1934 that the deed of 1925 was ineffectual as such for the reason that when the same was drawn by a justice of the peace it contained a provision to the effect that the conveyance was to take effect at the death of the grantor "and not before", and was therefore testamentary in character. The proof discloses that it was suggested to the grantee by his banker in 1943 that the deed of 1925 was invalid as such on account of being testamentary in character, and it may be presumed that the grantee advised the grantor of this fact. At any rate, it is undisputed that the grantor went to the home of her son told his wife that she wanted her son to carry her to the town of Fulton so that she could execute another deed in lieu of the one executed in 1925, and that when her son came the grantor, Mrs. Gertrude Clements, and the grantee, R. E. Clements, together with the latter's wife and baby went to Fulton where the deed of 1934 was executed and acknowledged before the chancery clerk. There is no proof that the grantee exercised any influence upon the grantor to induce her to execute the second instrument. But the appellant relies upon the presumption that because of the confidential and fiduciary relationship of mother and son and the fact

that the son assisted his widowed mother in looking after her business affairs, the conveyance of August 30, 1934, would be invalid in the absence of proof that the grantor obtained independent and disinterested advice from some competent person disconnected from the grantee, and devoted wholly to the grantor's interest. The appellant relies upon the cases of Ham v. Ham, 146 Miss. 161, 110 So. 583; Bourn v. Bourn, 163 Miss. 71, 140 So. 518; Watkins v. Martin, 167 Miss. 343, 147 So. 652; Lindeman's Estate v. Herbert, 188 Miss. 842, 193 So. 790; Hickey v. Anderson, 210 Miss. 455, 49 So. (2d) 713; Cunningham v. Davis, 62 Miss. 366; Gaston v. Mitchell, 192 Miss. 452, 4 So. (2d) 892, 6 So. (2d) 318; Peebles v. Rodgers, 211 Miss. 8, 50 So. (2d) 632; and Puryear v. Austin, 205 Miss. 590, 39 So. (2d) 257. But compare Cresswell v. Cresswell, 164 Miss. 871, 140 So. 521, 144 So. 41.

We have reached the conclusion that the cases relied upon by the appellant are not controlling in the instant case (1) for the reason that the proof clearly shows that the deed of 1934 was executed by Mrs. Gertrude Clements, reserving unto herself a life estate in the lands, and for the sole purpose of accomplishing that which she had thought was done under the conveyance of 1925 when no claim is made that a confidential and fiduciary relationship existed between her and the grantee other than a blood relationship of mother and son; (2) because the proof discloses that at the time of the execution of the second instrument that the mother was the dominant one and the son the subservient one of the parties to the relationship then existing; and (3) because that after the death of Mrs. Gertrude Clements in 1936 the father and guardian of her granddaughter, Lora Mable Hall, filed a suit against the grantee R. E. Clements and his sister, the alleged non compos mentis on whose behalf the present suit was filed, and sought to have the conveyance to R. E. Clements of August 30, 1934, set aside because of the alleged mental incapacity of the grantor, Mrs. Gertrude Clements, and on the ground of the alleged

undue influence of the grantee therein, and also a conveyance made by Mrs. Gertrude Clements to her said daughter Mrs. Clara Hall some time during the year 1934 wherein Mrs. Clements, as the owner of a life estate in the land embraced in the deed of August 30, 1934, and R. E. Clements as remainderman, had conveyed to Mrs. Hall a small tract of said land for a homesite and on which Mrs. Clements had built Mrs. Hall a residence at her own expense and which suit was defended by very reputable and able attorneys who filed an answer on behalf of both Mrs. Hall and R. E. Clements. The attorneys both testified that they represented both Mrs. Hall and Mr. Clements in their successful efforts to uphold the deeds of conveyance in question; that Mrs. Hall knew that they were representing her in the matter and that they successfully maintained the contention of both Mrs. Hall and R. E. Clements to the effect that their mother, the grantor, had the mental capacity to execute valid conveyances at the time of the execution of the two deeds in question, and that the conveyances should be upheld as carrying out the wishes of their deceased mother.

The summons issued for Mrs. Clara Hall in that suit did not bear the seal of the clerk, and it is true that the employment of the attorneys was arranged by R. E. Clements, but nevertheless Mrs. Clara Hall, on whose behalf it is now sought to set aside the conveyance of August 30, 1934, attended conferences relating to the controversy between the father and the guardian of Lora Mable Hall on the one side, and R. E. Clements and Mrs. Clara Hall on the other, and as found by the chancellor on the undisputed testimony of the attorneys, Mrs. Hall knew that they were representing her in their efforts to uphold both the deed from her mother in her own favor and the one in favor of her brother, R. E. Clements. But she seeks to avoid the effect of being represented by these attorneys in that suit by contending in the present suit that she was of unsound mind at the time the litigation was in progress and that, therefore,

for this additional reason was not bound by the position taken on her behalf in that case.

Moreover, in the settlement of the estate of Mrs. Gertrude Clements, deceased, by R. E. Clements, Administrator, and in the approval of the final account therein, it appears that Mrs. Clara Hall had receipted for numerous advances of money out of the estate, was served with valid process as to the hearing of the final account, and was fully advised that the administration was being closed upon the theory that her mother had legally conveyed the lands in question on August 30, 1934, and knew on the approval of the final account that this land had not been dealt with as any part of the estate of her mother.

As to the alleged mental incapacity of Mrs. Gertrude Clements and also of Mrs. Clara Hall those issues have been twice adjudicated against the appellant after full hearing by the present chancellor and by his predecessor in office in former litigation, and his finding as to the mental competency of each of them is amply sustained by the proof. In fact, those issues are not seriously argued on this appeal, but, as hereinbefore stated, a reversal of the decree whereby the trial court upheld the title of Mrs. R. E. Clements and her daughter Doris, as sole heirs-at-law of R. E. Clements, deceased, to the land in question is sought on the ground that the chancellor found as a fact that a confidential and fiduciary relationship existed between Mrs. Gertrude Clements and her son R. E. Clements on August 30, 1934, and that there was no proof that she received independent advice as to the execution of the conveyance.

For the reason hereinbefore stated we are of the opinion that the decree of the trial court should be affirmed.

Affirmed.

**Alexander, Hall, Kyle** and **Holmes, JJ.**, concur.