ROSE WASSERMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 49998. Filed September 29, 1955.

*Jack Solomon, Esq.*, for the petitioner.
*William Schwerdtfeger, Esq.*, for the respondent.

OPINION.

BLACK, *Judge:* The Commissioner has determined a deficiency in petitioner's income tax for the year 1949 of $1,982.22. To the determination of the Commissioner petitioner assigns error as follows:

The Commissioner disallowed the application of Section 113 (a) (5) of the Internal Revenue Code by the petitioner to the assets acquired by her on May 1, 1948, the date of death of her husband.

The facts have all been stipulated and are summarized as follows:

The petitioner, Rose Wasserman, resides in Newark, New Jersey. Her return for the year 1949 was filed with the collector of internal revenue for the fifth district of New Jersey.

Petitioner operated a retail women's dress store as a sole proprietor in Newark, New Jersey, from 1937 through December 31, 1943.

Petitioner and Maurice Wasserman, sometimes hereinafter referred to as Maurice, were husband and wife and at all times pertinent were domiciled in the State of New Jersey.

On January 2, 1944, petitioner and Maurice entered into a partnership agreement. That partnership agreement reads as follows:

On this second day of January 1944 Rose Wasserman, hereinafter referred to as the Party of the First Part and Maurice Wasserman, hereinafter referred to as the Party of the Second Part have mutually agreed and entered into this partnership agreement for the conducting of a retail store selling women's and children's apparel at 90 Broadway, Newark, New Jersey, known and designated as REGENT COTTON FROCKS subject to the following terms and conditions:

1. The party of the First Part and the Party of the Second Part agree that the net worth account as reflected by audit of the Regent Cotton Frocks for the year ended December 31, 1943 shall be the net worth account as at January 2, 1944 for the said partnership after conveying all assets and liabilities.

2. The Party of the First Part and the Party of the Second Part agree that each party shall have a fifty percent interest of the net worth account, and that all money differences necessary to equalize the ownership of the capital account have been made prior to the formation of this partnership agreement.

3. Each of the partners hereto agrees to devote his full time and effort to and for the interest of the business known and designated as Regent Cotton Frocks.

4. It is understood and agreed by both parties that all profits and losses shall be shared equally.

5. The parties hereto shall determine from time to time the amount to be withdrawn from the business dependent upon the condition and requirement of the business at the time of such withdrawal.

6. This partnership shall exist at the will of each of the parties hereto. In the event any one of the parties desires its dissolution, he shall give sixty (60) days notice of his intention to dissolve the partnership to the other partner in writing at which time the dissolution shall be considered effective and liquidation shall occur in accordance with the provisions of the Uniform Partnership Act.

7. In the event of death of either partner, the remaining partner shall have the right of survivorship to the interest of the deceased partner's share of the partnership as at the time of death.

Maurice died intestate in the State of New Jersey on May 1, 1948, leaving petitioner as his sole heir under the New Jersey Statute of Descent and Distribution.

During the period from May 1, 1948, after her husband's death, to September 2, 1949, petitioner operated the business as a sole proprietorship. On September 2, 1949, petitioner sold to Benjamin Brown, sometimes hereinafter referred to as Brown, a 50 per cent interest in the business, including goodwill, fixtures, and inventory,

for $14,367.66. The parties have agreed as to the basis of petitioner for the 50 per cent interest in the business which she sold to Brown, as follows:

7. If the petitioner took the one-half interest in the aforesaid business, which was owned by her deceased husband immediately prior to his death, by intestate succession under the law of the State of New Jersey, the basis of the property sold to Mr. Brown on September 2, 1949, is $14,309.22.

8. If petitioner took the one-half interest in the aforesaid business, which was owned by her deceased husband immediately prior to his death, by operation of paragraph 7 of the partnership agreement (Exhibit 1), the basis of the property sold to Mr. Brown on September 2, 1949, is $5,559.22.

There is no dispute as to the facts in the instant case. The issue is one of law. That issue is whether upon the death of her husband who died intestate on May 1, 1948, petitioner took his one-half interest in the business by inheritance under the New Jersey Statute of Descent and Distribution, as petitioner contends, or whether, as contended by respondent, she took the one-half interest in the business under paragraph 7 of the partnership agreement.

We think the issue must be decided in favor of respondent. Section 113, Internal Revenue Code of 1939, Adjusted Basis for Determining Gain or Loss, is printed in the margin.[1]

Petitioner contends that she received her husband's one-half partnership interest by inheritance and that under section 113 (a) (5) her basis would be the fair market value of such property at the time of such acquisition. If petitioner acquired the property by inheritance it has been stipulated that the basis is $14,309.22. It has also been stipulated that petitioner was the sole heir of her husband, Maurice, under the New Jersey Statute of Descent and Distribution. But it seems clear that under New Jersey law petitioner did not acquire the property by inheritance. She acquired it under the terms of the partnership agreement which was contractual rather than testamentary in character.

In *Michaels* v. *Donato*, 67 A. 2d 911 (N. J., 1949), the decedent and the defendant had agreed in their articles of partnership that, upon the death of either, the surviving partner should pay $1,000 to the other's estate and thereupon would become the sole owner of the business. The decedent's portion being worth much more than that sum, his representative claimed the agreement to be invalid. The representative claimed that the partnership clause in question was testamentary in nature and void because not drawn in conformity

---

[1] SEC. 113. ADJUSTED BASIS FOR DETERMINING GAIN OR LOSS.

(a) BASIS (UNADJUSTED) OF PROPERTY.—The basis of property shall be the cost of such property; except that—

\* \* \* \* \* \* \*

(5) PROPERTY TRANSMITTED AT DEATH.—If the property was acquired by bequest, devise, or inheritance, or by the decedent's estate from the decedent, the basis shall be the fair market value of such property at the time of such acquisition. \* \* \*

with the Statute of Wills. The New Jersey tribunal in holding the partnership agreement to be binding, among other things, said:

"The confusion results from the attempt to attach to the transaction characteristics of both a will and a contract. These characteristics are, however, entirely distinct. A contract operates immediately to create a property interest in the premises while a will is revocable, or, more properly speaking, inoperative or ambulatory until the death of the testator, at which time it operates to create a property interest in the beneficiary." Yale Law Journal, Vol. 27, Part 1, Page 542. 57 Am. Jur., Wills, Sec. 15, Page 48. The undertaking of a party under a contract is made in consideration of something to be paid or done by or on behalf of the other party, so that the obligation to and the right to require performance are reciprocal. A contract creates a present, enforceable and binding right over which the promisor has no control without the consent of the promisee, while a testamentary disposition operates prospectively. 57 Am. Jur., Wills, Sec. 40, Page 67. An instrument which does not pass any interest until after the death of the maker is essentially a will. But not every instrument which provides for performance at or after death is testamentary in character. If the instrument creates a right in the promisee before the death of the testator, it is a contract. * * *

It was held accordingly by the New Jersey court that the defendant, upon payment of the $1,000 was entitled to all the partnership assets under the terms of the agreement. The New Jersey court in upholding the validity of the partnership agreement further said:

The great weight of authority. is to the effect that "an otherwise sufficient contractual instrument, based on consideration, by which the promisor agrees, in substance, that ownership of or a designated right in property owned by him shall pass to the promisee at the promisor's death, is not rendered testamentary in character merely because of a provision naming the death of the promisor as the time for the transfer of the legal title to the promisee. If the instrument does invest him, in praesenti, with an irrevocable contractual interest in the property, it is not testamentary." Note, 1 A. L. R. 2d, Page 1207. Specifically, "a provision in a partnership agreement that on the death of one of the partners his interest in the partnership shall become the property of the other partners is not invalid as testamentary in nature, and therefore inoperative because of failure to conform to the requirements of the Statute of Wills." 73 A. L. R. 980. 1 A. L. R. 2d 1265. [Citing a long list of authorities.]

There appears to be one Federal tax case which at least has some bearing upon the question which we have here to decide. In *Autenreith* v. *Commissioner*, (C. A. 3, 1940) 115 F. 2d 856, affirming *Paul Autenreith*, 41 B. T. A. 319, the decedent provided in a partnership agreement with his sons that at his death they should receive his interest upon tendering to his widow certain notes which were not to be paid except upon default of interest during her life, and upon her death were to become void. The Third Circuit held that "Such an agreement for the benefit of a third party, the widow and mother, is valid and enforceable in Pennsylvania [citing cases], and is to be treated as contractual and not testamentary in nature even though not effective until death."

The question involved in the *Autenreith* case, *supra*, is not the same as we have here and, therefore, it cannot be said that it is precisely in point but we think it does lend support to respondent's contention that petitioner acquired the one-half interest of her deceased husband in the retail dress shop business under the contractual terms of the partnership agreement and not by inheritance under the laws of the State of New Jersey. Petitioner and Maurice as partners being bound by the terms of their partnership contract, their mutual obligations superseded all rights of property disposition by will or intestate succession. Suppose Maurice, instead of dying intestate, had died testate bequeathing all his interest in the Regent Cotton Frocks, the business in question, to someone else than petitioner, would such testamentary disposition have been effective and would it have prevented petitioner from receiving Maurice's one-half interest in the partnership business under the terms of the contract? We think not. It seems clear from the authorities we have cited that under such circumstances petitioner would have received title to her husband's one-half interest in the partnership property notwithstanding any contrary provisions in her husband's will. Paragraph 7 of the partnership agreement which provided that "In the event of death of either partner, the remaining partner shall have the right of survivorship to the interest of the deceased partner's share of the partnership as at the time of death" was, we think, a covenant mutually binding and removed the property from the operation of a testamentary or intestate disposition.

It is true that paragraph 6 of the partnership agreement provides that either party might bring about the dissolution of the partnership by giving the other partner 60 days' notice of his intention to dissolve the partnership. It goes without saying, of course, that if the partnership had been dissolved prior to Maurice's death, then paragraph 7 of the partnership agreement would no longer have been in effect and petitioner would have taken nothing under it. But it had not been dissolved and paragraph 7 was in full force and effect at the time of Maurice's death. That fact being true, we think petitioner took Maurice's one-half interest in the partnership under the terms of the contract and not by inheritance.

Petitioner strongly contends that such cases as *Michaels* v. *Donato*, *supra*, relied upon by respondent, are not controlling because in those cases there was a buy-sell agreement which was a sufficient consideration to support the agreement and, therefore, gave rise to binding, contractual, irrevocable rights *in praesenti*. "None of this, however," says petitioner, "is present in the case sub judice." It is true that paragraph 7 of the partnership contract did not provide that any monetary consideration should be paid by the survivor for the interest of the other partner in the event of the other partner's death.

However, we do not think that the failure to provide a monetary consideration has the effect of invalidating the agreement. The mutual undertaking of each was sufficient consideration to make the contract a binding one. As said by the court in *Michaels* v. *Donato, supra:*

The undertaking of a party under a contract is made in consideration of something to be paid or done by or on behalf of the other party, so that the obligation to and the right to require performance are reciprocal. A contract creates a present, enforceable and binding right over which the promisor has no control without the consent of the promisee, while a testamentary disposition operates prospectively. * * *

Under the facts which have been stipulated and the authorities which we have cited, we sustain respondent's determination that section 113 (a) (5) is not applicable.

Reviewed by the Court.

*Decision will be entered under Rule 50.*