MARY A. WILLIAMS & others, executors, *vs.* INHABITANTS OF BROOKLINE.

Norfolk. November 22, 1906. — January 4, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Tax. Partnership. Executor and Administrator. Estoppel.*

Where articles of copartnership provide that on the death of one of the partners his share of the capital shall remain in the business for two years, the surviving partner paying interest thereon to the estate of the deceased partner, and, upon the death of one of the partners, the surviving partner agrees with the executor of the will of the deceased partner as to the balance due from the partnership to the testator which still is used under the agreement as part of the capital of the firm, the debt to the estate can be taxed in the hands of the executor as personal property, although this results in double taxation.

Where the executors of a will, who also are trustees thereunder, as executors pay under protest a tax on personal property consisting of a debt acknowledged by an instrument under seal made to them as executors, and represent to the assessors that their relation to the property is wholly as executors, on a petition for an abatement of the tax it is not open to them to contend that the tax is invalid because assessed to them as executors rather than as trustees.

PETITION, filed in the Superior Court for the county of Norfolk on January 3, 1906, by the executors of the will of Albert M. Williams, late of Brookline, for the abatement of a tax of $750, paid by the petitioners under protest, which was assessed to the petitioners as such executors on May 1, 1905, on $63,000 of personal property constituting part of the capital used in

carrying on the business of the firm of Rousmaniere, Williams and Company.

The respondent demurred to the petition.

The petition alleged that the testator, Albert M. Williams, at the time of his decease was a resident of Brookline, and was a member of the firm of Rousmaniere, Williams and Company, carrying on business in Boston. By the articles of copartnership it was provided that, in case of the death of either partner during the term of five years for which the partnership was to continue, the share of such deceased partner in the capital of the firm should be retained in the business for the term of two years succeeding the date of his death, and that interest thereon should be paid to the widow or legal representative of such deceased partner at a specified rate, but that in all other respects the partnership should be dissolved by the death of either partner.

Albert M. Williams died on February 19, 1904, within the term of the copartnership, which would have expired on April 1, 1904. In May, 1904, the surviving members of the firm, who were continuing the business under the same firm name, entered into an agreement with the executors, and gave them an obligation under seal agreeing that the share to which the testator, Albert M. Williams, was entitled was $97,000 and that they would pay this sum in instalments on certain dates between October 1, 1904, and April 1, 1906, with interest at the rate of six per cent thereon, and upon any balance of the principal remaining unpaid.

At the time of the assessment in question, there remained unpaid the sum of $62,500 which was due under the terms of the sealed instrument.

The Superior Court made a decree sustaining the demurrer and ordering judgment for the respondent; and the petitioners appealed.

*F. M. Forbush*, for the petitioners.

*W. D. Turner*, for the respondent, was not called upon.

HAMMOND, J. The death of Williams dissolved the partnership in every other respect except that his share of the capital was to remain in the business for two years, the surviving partner to pay interest thereon at the rate of six per cent per

annum. This was not a provision for the continuation of the business by the executor of the deceased partner, and there is much to be said in favor of the view that the intention of the parties was that the interest of the deceased partner should be regarded merely as a loan to the firm. But however that may be, there can be no doubt that by the agreement of May, 1904, the relation of partnership between the surviving partners and the estate was entirely severed, and that the sum due had taken the form of a debt owing from the surviving partners. It is the same in result as though the sum due the estate had been paid to the petitioners and then lent by them to the firm. That was the substance of the transaction.

It is said by the petitioners that this leads to double taxation, — a result which it is said courts are slow to reach. But the answer is that the taxation of a debt, especially where the debtor has property enough to pay, generally results in double taxation; and while it is true that in cases of debts secured by mortgages on taxable real estate the Legislature has made provision to relieve to some extent from double taxation, there still stands liability to double taxation in other kinds of debts.

Under the circumstances of this case we think that the question whether the tax is invalid by reason of being assessed to the petitioners as executors rather than as trustees is not open to the petitioners. They are executors and trustees under the will, and seem to have considered this property as held by themselves as executors, and so represented to the assessors. It is not a case where the property is not taxable, as in *Milford Water Co.* v. *Hopkinton*, 192 Mass. 491.

*Judgment affirmed.*