BARTHOLOMEW P. MURPHY *vs.* ELLEN MURPHY, administratrix.

Suffolk.    January 27, 1914. — February 28, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Contract,* Validity.    *Equity Jurisdiction,* Specific performance.    *License.*

A contract made between two brothers engaged in carrying on a liquor business as copartners, that on the death of one of the partners within a certain period the surviving partner, on payment by him of $3,000 to the widow or legal representative of his deceased partner, shall own the entire business, if entered into in good faith with no intention of evading the provisions of the statute of wills or of depriving the widow of her statutory rights, is valid, and may be enforced specifically against the widow of such a deceased partner, who is the administratrix of his estate, by a decree ordering her as such administratrix to release to the surviving partner all her interest in the partnership assets on receiving from him the sum of $3,000.

Where in a suit in equity by one of two partners, who had been engaged in carrying on a liquor business, to enforce specifically against the administratrix of the estate of one of the partners an agreement made by her intestate, that she should release to the surviving partner all her interest in the partnership assets on payment to her by him of a certain sum of money, a decree was made ordering the defendant, upon such payment, to execute such a release of her interest in all the assets of the partnership, including the liquor license which had been granted to the firm, it was *held*, without intimating any opinion as to whether there could be a property right in such a license, that there was no impropriety, under the circumstances shown in the case, in requiring the defendant to release to the plaintiff whatever right, if any, in the license had accrued to her as administratrix; and the decree was affirmed.

BILL IN EQUITY, filed in the Superior Court on October 30, 1912, to enforce the specific performance of an agreement in writing dated April 16, 1912, made by the plaintiff and his late brother Patrick P. Murphy, by compelling the defendant as the administratrix of the estate of said Patrick and as his widow to release to the plaintiff all her interest in the partnership assets of the firm of Murphy Brothers upon receiving from the plaintiff the sum of $3,000.

The case was tried before *Morton,* J. The provision of the contract sought to be enforced was as follows: "And it is further agreed that in the event of the death of the said Patrick P. Murphy before the termination of said five years above set forth, or before the said partnership has been terminated by mutual consent of the parties hereto, that the surviving member of said partnership, Bartholomew P. Murphy, upon payment to the widow, or legal representative of the said Patrick P. Murphy the sum of three thousand dollars, the said Bartholomew P. Murphy will own said entire business, with the stock fixtures and good will thereof absolutely, and as his individual property."

The judge made certain findings of fact, including those that are stated in the opinion, and ruled that under the circumstances the provision in question was not contrary to the policy of the law and that it should be enforced. In pursuance of an order made by him a final decree was entered, ordering that the defendant, as the administratrix of the estate of Patrick P. Murphy, should release to the plaintiff all her interest in and to all of the partnership assets of the firm of Murphy Brothers, including a liquor license, and that upon the defendant releasing her interest as ordered, the plaintiff should pay to the defendant as the widow of

Patrick P. Murphy the sum of $3,000 as provided in the agreement of April 16, 1912.  The defendant appealed.

*C. H. Cronin,* for the defendant.

*D. Stoneman,* for the plaintiff.

RUGG, C. J.  The plaintiff brings this suit in equity to compel the defendant as administratrix of the estate and widow of Patrick P. Murphy to perform specifically the provisions of a partnership agreement entered into between him and the defendant's husband.  The findings of fact made by the judge of the Superior Court, the evidence not having been reported, must be accepted as final.  These are in substance that the plaintiff and his brother, the husband of the defendant, were conducting a liquor business as copartners under an oral agreement.  In April, 1912, they entered into a written agreement whereby the partnership was extended for five years from May 1, 1912.  It further was stipulated that, in the event of the death of Patrick before the end of the five year period or before the earlier termination of the partnership by mutual consent, the plaintiff should pay to the widow or legal representatives of Patrick $3,000, and that thereupon he should become the sole owner of the partnership business.  At this time Patrick, although in poor health, was capable of making the agreement and understood and appreciated its effect.  He executed the contract voluntarily and without fraudulent or improper influence.  There was some talk between the brothers respecting mutual wills, but Patrick believed that the partnership agreement was the best way of carrying out his desire that, in the event of his death, the plaintiff should own his interest in the partnership property upon paying $3,000, which he thought, together with his other property, would sufficiently provide for the defendant.  He did not intend to evade the provisions of the statute of wills, nor, fraudulently or otherwise, to deprive his wife of her statutory rights.  The plaintiff has offered to pay the defendant $3,000, but she has refused to accept it and release her interest in the partnership business.

Partnership agreements which provide for the conduct of the business after the death of one or more of the partners, and for the disposition of the interest of partners in the partnership in such event, are frequent.  See *Williams* v. *Brookline,* 194 Mass. 44. When fairly made, without any illegal purpose and without the

intent to evade the statute of wills, they are not open to objection. Contracts respecting the disposition of one's property after death are not uncommon. See, for example, *Krell* v. *Codman,* 154 Mass. 454, and *Howe* v. *Watson,* 179 Mass. 30. There are sound reasons why a fair agreement entered into by partners, as to the disposition of partnership property in the event of the death of one or more of the partners, should be sustained. The terms of such an agreement made by those most familiar with the real character and value of the property, are quite as likely to be just as an arrangement made after the decease. The contract at bar was executed upon a valid consideration, and, having been found expressly not to have been intended as a testamentary disposition, must be upheld.

The plaintiff as the surviving partner, in the absence of any term in the articles of copartnership governing the matter, would take as owner the legal title to firm property. *Holbrook* v. *Lackey,* 13 Met. 132. *Hewett* v. *Hayes,* 204 Mass. 586, 592. He would take it, however, subject to the duty to pay the firm debts, settle the partnership accounts, and account to the personal representatives of the deceased partner. In a certain sense he would hold it as trustee, partly for the benefit of the estate of the deceased partner. There is no reason in equity why the defendant should not be required to release this beneficial obligation which, but for the contract, would exist in her favor. *Maddock* v. *Astbury,* 5 Stew. 181.

The first paragraph of the decree requires the defendant as administratrix, "to release to the plaintiff all her interest in and to all of the partnership assets, of the firm of Murphy Brothers, including said license." A question is raised as to the propriety of including the license. There is no finding respecting the value of the liquor license which was issued to the firm by the licensing board of the city of Boston. Such a license is a purely personal privilege which, although usable by the holder, is not assignable or transferable by him in any way. Certain *quasi* property interests growing out of the peculiar custom existing in the city of Boston as to the granting of licenses are recognized by the federal courts. *Fisher* v. *Cushman,* 43 C. C. A. 381. See *Tracy* v. *Ginzberg,* 189 Mass. 260; *Ellis* v. *Small,* 209 Mass. 147, 150; *Putnam* v. *Bolster,* 216 Mass. 367. It is not necessary, however, to

discuss this question. In a partnership accounting certain considerations might arise growing out of contributions toward the payment of the fee. See also R. L. c. 100, § 20, as amended by St. 1911, c. 83. The present proceeding partakes of the nature of the final settlement of a copartnership. Therefore, without intimating that there can be a property right in such a license, there is no impropriety under the unusual circumstances of this case, in requiring the defendant to release to the plaintiff whatever right, if any, may accrue to her as administratrix.

*Decree affirmed with costs.*