IRELAND *v.* LESTER.

1. CONTRACTS—MUTUAL PROMISES TO SELL OR BUY—DEATH.

A bilateral contract consisting of mutual promises to sell or buy, to be determined in the future by an event sure to occur, is not terminated by the death of either party unless the contract is personal in nature.

2. SAME—PERFORMANCE—DEATH—WILLS.

The fact that the death of one of the parties is to determine the time of performance does not of itself make the agreement testamentary for it is as proper to set death as a date for performance as any other time that could be stipulated.

3. WILLS—AMBULATORY NATURE.
   An instrument that is testamentary in character operates only upon and by reason of the death of the maker, and, until then, it has no effect or force, the ambulatory quality being a characteristic of wills.

4. CONTRACTS—PERFORMANCE AFTER DEATH—WILLS.
   A valid contract does not fall into the testamentary class simply because it is performable after the death of one of the parties.

5. DEEDS—DEATH OF GRANTOR.
   A deed that conveys no present interest or right is not invalid merely because it is not to have effect until the death of the grantor.

6. CONTRACTS—MUTUAL PROMISE TO BUY OR SELL—DEATH—REFORMATION OF INSTRUMENTS.
   Contract entered into by partners whereby upon death of either during continuance of the contract the interest of the decedent should be sold to and purchased by the survivor at a sum to be agreed upon by the parties, not shown to have been made to evade some statutory provision nor to offend public policy, and made for an adequate consideration, constituted a valid bilateral agreement, not a testamentary instrument; hence circuit court had power to reform the contract after a partner's death whether the money due thereunder was payable to decedent's estate or widow.

7. SAME—THIRD PARTY BENEFICIARIES—WIDOW—PARTNERSHIP.
   Under contract between partners whereby upon death of either during continuance of contract, decedent's interest in partnership business should be sold to survivor at an agreed sum and partners stated when contract was signed that the widow of the first decedent was to receive the full consideration and no change was made in contract before one of them died, leaving issue by former wife in addition to widow, deceased's widow could enforce it as a third party beneficiary as her rights vested thereunder upon its execution (Act No. 296, § 3, Pub. Acts 1937).

Appeal from Berrien; Evans (Fremont), J. Submitted April 15, 1941. (Docket No. 61, Calendar No. 41,513.) Decided June 2, 1941.

Bill by Mary Ireland against Cleveland J. Lester and others to reform a contract and for specific per-

formance thereof. Neva Bell and Frances Steger intervened. Decree for plaintiff. Interveners appeal. Affirmed.

*W. M. Cunningham,* for plaintiff.

*J. T. Hammond,* for interveners.

Chandler, J.   Cleveland J. Lester and Clyde Ireland were partners engaged in the business of selling sand and gravel and had been so engaged since 1911. Sometime around April 28, 1936, they decided to make arrangements for the sale of their respective partnership interests to the survivor. This was done through a life insurance agent who had the contract here in controversy drawn up by attorneys located in Detroit and retained by the insurance company. The agreement in substance provided that upon the death of either partner, during the continuance of the contract, the interest of such decedent in the partnership business should be sold to and purchased by the survivor at a sum to be agreed upon by the parties from time to time. Thereupon, they set the price at $50,000, and it has never been changed. It was further provided that the agreement could be altered, changed, amended or revoked, in whole or in part, by mutual agreement in writing of the parties. The contract was signed by the partners and their wives. Insurance was purchased with partnership funds to provide the money for the initial payment, and the remainder was to be paid at the rate of $1,000 per year.

In the agreement as originally drawn, it was provided that the deceased's estate should receive the money. But the partners, when they signed the contract, said that what was intended was for the

widow of the first decedent to receive the full consideration. Thereupon, the word "estate" was erased and the word "wife" inserted. But by oversight, this was done only in reference to the initial payment, and the provisions for the subsequent payments still contained the word "estate." It might be well to add here that the partners never saw the attorney who prepared the contract, the data being furnished by the insurance agent.

Clyde Ireland died in December, 1939, and up to the time of his death there had been no change made in the contract. The surviving partner was ready to perform, but a question arose as to who should have the money. The widow, plaintiff in the case, brought suit to have the instrument reformed to accord with the terms intended by the parties, and for an order directing the defendant administrator to convey whatever interest the estate had in the partnership to her. Thereupon the defendants and appellants, Neva Bell and Frances Steger, petitioned for and were granted leave to intervene. They are the children of Clyde Ireland by a former marriage which was terminated by divorce. The theory of the appellants is that the contract is testamentary in character so the court had no jurisdiction whatsoever to reform the agreement. If this view is adopted, then the estate is entitled to whatever is the value of the partnership interest, and defendants Bell and Steger would receive a share thereof as heirs at law, Clyde Ireland having died intestate.

The circuit court found the contract was not testamentary, and ordered it reformed as prayed for and directed that all interest that decedent had in the partnership be conveyed to Cleveland J. Lester upon his paying to the plaintiff the amount called

for in the contract. It is from this decree that defendants Bell and Steger appeal.

The only question, and in this both parties are in accord, is whether the contract is testamentary in effect. It is conceded that if it is not, the plaintiff is entitled to the relief sought.

In the last analysis, the agreement is a bilateral contract consisting of mutual promises to sell or buy, to be determined in the future by an event sure to occur. Such an agreement is not terminated by the death of either party unless the contract is personal in nature. This is not the case here, and there is no reason why the administrator cannot carry out the terms of the agreement, for it was contemplated by the parties that it should be performed after one of them had died.

The fact that the death of one of the parties is to determine the time of performance does not of itself make the agreement testamentary. It is as proper to set death as a date for performance as any other time that could be stipulated.

An instrument that is testamentary in character operates only upon and by reason of the death of the maker. Till then, it has no effect or force, and it is this ambulatory quality which is a characteristic of wills. A valid contract does not fall into the testamentary class simply because it is performable after the death of one of the parties, for so to hold would overlook the fact of the complete revocability that is a further characteristic of a will.

The same is to be said of a deed that conveys no present interest or right and is to have no effect until the death of grantor.

But the instrument in the instant case was operative from the day it was signed, and there came

into existence contractual obligations and rights which the parties were entitled to have performed. There was a present transfer of a chose in action, performance of which was set for a future date. It was not intended nor was it necessary to have a present transfer of the partnership interest. It is this element of present existing contractual rights that distinguishes this case from those where the instrument has been declared testamentary in character.

In the absence of any showing that a contract of this nature was for the purpose of evading some statutory provision or to offend public policy, there is no reason why a person cannot as well use this method of disposing of his property as by will or deed. The contract was made for an adequate consideration, and the obvious purpose of the agreement was to enable the surviving partner to take over the business and not have to dissolve it.

Similar cases have come up in other States and it has been decided in practically all of them that such agreements between partners, when made without any ulterior motives, are valid contracts. See *Murphy* v. *Murphy,* 217 Mass. 233 (104 N. E. 466); *Hale* v. *Wilmarth,* 274 Mass. 186 (174 N. E. 232, 73 A. L. R. 980); *Coe* v. *Winchester,* 43 Ariz. 500 (33 Pac. [2d] 286).

It is our opinion that this contract is a valid and binding agreement, not testamentary in effect, and therefore the court below had jurisdiction to reform it. This is so, regardless of whether the money is payable to the estate or the widow. Plaintiff is a third party beneficiary and her rights under the contract vested at the time it was signed. Act No. 296, § 3, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 14063-3, Stat. Ann. 1940 Cum. Supp. § 26.1233).

The decree of the circuit court is affirmed, with costs to appellee against appellants.

SHARPE, C. J., and BUSHNELL, BOYLES, NORTH, WIEST, and BUTZEL, JJ., concurred. MCALLISTER, J., took no part in this decision.