FIRST NATIONAL BANK OF ROME, executor, *v.* HOWELL.

No. 14386. DECEMBER 1, 1942.

Ga.)

78 

*Matthews, Owens & Maddox,* for plaintiff in error.

*Barry Wright* and *Jack Rogers,* contra.

HEWLETT, Justice. Counsel for the plaintiff in error insist that as between the partners there was no consideration for the contract, because each had a wife, each owned an equal interest in the partnership, each took out a $10,000 life-insurance policy (and in the absence of an allegation to the contrary it must be assumed that the premiums on each of the policies were equal). In other words the insistence is that, so far as the partners are concerned, their situation was equal, and therefore there could be no consideration passing between them to support such a contract.

In re Orvis, 223 N. Y. 1 (2) (119 N. E. 88, 3 A. L. R. 1636), it was held: "An agreement between partners to constitute, from undivided profits, a fund for continuation of the business, which shall be the property of the survivor upon the death of either, rests upon mutual and equal consideration, and is enforceable." In Murphy *v.* Murphy, 217 Mass. 233 (104 N. E. 466), it was said: "Partnership agreements which provide for the conduct of the business after the death of one or more of the partners, and for the disposition of the interest of partners in the partnership in such event, are frequent. See Williams *v.* Brookline, 194 Mass. 45, 79 N. E. 779. When fairly made, without any illegal purpose and without the intent to evade the statute of wills, they are not open to objection." In Stearns *v.* Brookline, 219 Mass. 238 (107 N. E. 57), it was held.: "A parol agreement between a partner and copartners, that in the event of the death of the partner the firm should continue, and that he would make arrangements so that his estate after his death should take the place in the firm which he had when living, is a binding part of the firm agreement, and on a breach thereof, by the refusal of his personal representative to enter the firm after the death of the partner, the estate may be subjected to a suit for damages." In 40 Am. Jur. 347, §§ 311, 312, it is said: "Agreements between partners that in the event of the death of one before the termination of the partnership, the survivor shall pay a certain amount to the legal representatives or heirs of the deceased partner and that thereupon he shall become the sole owner of the partnership business, are frequent, and when fairly made, for a valuable consideration and without any illegal

purpose, such agreements are not open to objection. A provision in a partnership agreement that on the death of one of the partners his interest in the partnership shall become the property of the other partners is not testamentary in nature, and the fact that the agreement is not executed according to the requirements of the statute of wills does not invalidate it. It is enforceable if supported by sufficient consideration."

In the instant case, the payment of the insurance premiums out of firm assets, and the benefits flowing to each of the partners as a result of the plan, constituted a sufficient consideration. Under the allegations of the petition, the complainant was entitled to reformation and specific performance. The judge did not err in overruling the demurrer.

*Judgment affirmed. All the Justices concur.*