S. M. SILVERTHORNE v. JOHN A. MAYO, EXECUTOR OF THE WILL OF DORCAS JANE SILVERTHORNE; CHARLOTTE LOUISE JOHNSON, GLADYS THOMPSON AND ANNIE O'BRIEN.

(Filed 30 September, 1953.)

**1. Partnership § 10b: Wills § 1—**

A partnership agreement that upon the death of one of the partners the interest of the deceased partner should become the property of the survivor upon the payment of a stipulated amount to the legal representatives of the deceased partner or to specified persons is supported by valuable consideration in the mutual promises contained therein, and is valid and enforceable when not made for any illegal purpose, subject only to the rights of the creditors of the deceased partner.

**2. Same: Wills § 1—Agreement for survivorship in partnership property upon payment of certain sum to person designated is not testamentary disposition of property.**

The partnership agreement in suit provided that upon the death of one of the partners the assets of the partnership should become the property of the survivor upon the payment by the survivor to the deceased's widow of a stipulated sum, payable in annual installments over a period of eight years. Upon the death of the partner, the survivor made the first annual payment to the widow, but the widow died before the second annual payment was due. *Held:* The widow was entitled to the funds as the third party beneficiary of the contract, and therefore her personal representative is entitled to receive payments of the balance due under the agreement and not the personal representative of the deceased partner, the agreement not being a testamentary disposition of property and it not being necessary that it be executed in accordance with the formalities required in the execution of a will.

APPEAL by plaintiff from *Bone, J.,* February Term, 1953, of BEAUFORT.

1. This is a civil action instituted for the purpose of having the court construe an agreement entered into by and between R. S. Silverthorne and his brother, S. M. Silverthorne, dated 22 June, 1946, and declare the rights of the plaintiff and defendants thereunder.

2. R. S. Silverthorne died intestate 29 December, 1950, leaving surviving him his widow, Dorcas Jane Silverthorne, and no children. The widow duly qualified as administratrix of his estate. Dorcas Jane Silverthorne died testate 10 October, 1951, and the defendant, John A. Mayo, is the duly qualified and acting executor of her last will and testament.

3. Prior to the death of R. S. Silverthorne, he and the plaintiff were partners in a mercantile establishment in the City of Washington, North Carolina, trading under the firm name of R. S. Silverthorne and Brother.

The agreement to be construed was duly executed, probated, and recorded in the office of the Register of Deeds for Beaufort County, and in pertinent part reads as follows:

"AGREEMENT TO BUY AND SELL:   That if he is the first to die, he agrees to sell and convey to the survivor, and the survivor agrees to buy from the one that dies first, his heirs or assigns, all of the right, title and interest, which is one-half interest, shall have in and to the assets, name and good will of said partnership, as of the date of said death, by paying to the widow of R. S. Silverthorne the sum of $8,500, which is to be payable $1,000 cash per year from the stock of merchandise, or longer if necessary, and the said widow is also to receive $1,500 in bonds now in name of said partnership; and if the said S. M. Silverthorne dies first, the said R. S. Silverthorne agrees to pay to the daughter of the said S. M. Silverthorne, the sum of $8,500, which is to be payable $1,000 cash per year from the stock of merchandise, or longer if necessary, and the said daughter is also to receive $1,500 in bonds now in name of said partnership."

4. After the death of R. S. Silverthorne and pursuant to the terms of the agreement, the plaintiff delivered to Dorcas Jane Silverthorne, the administratrix of his estate, the $1,500 worth of bonds referred to in the agreement and in addition thereto paid to her one of the annual $1,000 installments, leaving an unpaid balance, under the terms of the agreement, of $7,500.

5. The plaintiff has obtained an assignment from all the heirs at law and distributees of R. S. Silverthorne, deceased, except his widow, Dorcas Jane Silverthorne, of all their interest as distributees of R. S. Silverthorne in all properties owned by the partnership.

6. The plaintiff alleges that the balance of $7,500 constitutes an obligation to the estate of R. S. Silverthorne and not to the executor of the last will and testament of Dorcas Jane Silverthorne. It is conceded that if the balance should be paid to the executor of the last will and testament of Dorcas Jane Silverthorne, the same would pass to the defendants Charlotte Louise Johnson, Gladys Thompson and Annie O'Brien as residuary legatees under the terms of the last will and testament of Dorcas Jane Silverthorne.

The court below held that the agreement was valid and that the unpaid balance in the sum of $7,500 should be paid to the executor of the last will and testament of Dorcas Jane Silverthorne, and entered judgment accordingly. The plaintiff appeals, assigning error.

*Rodman & Rodman for appellant.*
*James W. Keel, Jr., for appellee.*

DENNY, J. The plaintiff and the defendants concede that the partnership agreement under consideration is a valid, binding and enforceable contract as a partnership settlement. The plaintiff, however, contends the agreement is testamentary in character and void in so far as it directs that the payments provided therein shall be made to the widow of the deceased partner. Therefore, he takes the position that the balance due under the agreement must be paid to the estate of R. S. Silverthorne for distribution as provided by law and not to the executor of the last will and testament of the widow, Dorcas Jane Silverthorne. On the other hand, the defendants insist that the judgment of the court below should be affirmed.

Agreements between partners providing that in the event of the death of one of the partners during the existence of the partnership, the surviving partner or partners shall pay a certain amount to the legal representatives of the deceased partner, or to specified persons, and upon the payment thereof the surviving partner or partners shall become the sole owner or owners of the partnership business, are frequent, and when fairly made, for a valuable consideration and without any illegal purpose, such agreements are not open to objection and will be upheld. 40 Am. Jur., Partnership, section 311, page 347; Page on Wills, Volume 1, section 84, page 180, *et seq.; McKinnon v. McKinnon*, 56 F. 409; *Murphy v. Murphy*, 217 Mass. 233, 104 N.E. 466; *Ireland v. Lester*, 298 Mich. 154, 298 N.W. 488; *Warrin v. Warrin*, 154 N.Y.S. 458, 169 App. Div. 97; Anno. 73 A.L.R. 991; Anno. 1 A.L.R. 2d 1265.

It appears to be well settled that a provision in a partnership agreement to the effect that on the death of one of the partners his interest in the partnership shall become the property of the surviving partner or partners is not testamentary in nature, and the fact that the agreement is not executed according to the requirements of the law governing the execution of wills does not render it invalid and unenforceable. Such an agreement is enforceable if supported by fair and adequate consideration. 40 Am. Jur., Partnership, section 312, page 347; *United States v. Stevens*, 302 U.S. 623, 58 S. Ct. 388, 82 L. Ed. 484; *Hale v. Wilmarth*, 274 Mass. 186, 174 N.E. 232, 73 A.L.R. 980; *Green v. Whaley*, 271 Mo. 636, 197 S.W. 355. See Anno. 1 A.L.R. 2d page 1197, *et seq.*, where cases from

thirty-six states are cited in support of this view, including *Fawcett v. Fawcett,* 191 N.C. 679, 132 S.E. 796.

In the last cited case, two brothers had entered into an agreement whereby all the stock owned by either of them in a certain bank, at the time of death, should become the property of the survivor, upon a par basis. The survivor was to have five years in which to pay for the stock in equal annual payments. This Court held that the agreement was not void on any ground of public policy, or open to the objection that it was a testamentary disposition of property. *Howe's Estate,* 31 Cal. 2d 395, 189 P. 2d 5, 1 A.L.R. 2d 1171.

In our opinion, the provision directing that the widow of the deceased partner should receive the consideration fixed in the agreement is no more a testamentary disposition of property than that which provides that upon the payment of an agreed price the interest of the deceased partner should pass to the surviving partner. Both provisions were bottomed upon an executory contract which is not attacked for lack of adequate consideration. *Fawcett v. Fawcett, supra; Phifer v. Mullis,* 167 N.C. 405, 83 S.E. 582. Moreover, upon the execution of the agreement, the mutual promises contained therein constituted enforceable and binding rights which could not be revoked except by mutual consent of the parties. This being true, Dorcas Jane Silverthorne being a third party for whose benefit the contract was made, immediately upon the death of her husband, was entitled to have the provisions of the contract enforced. *Canestrino v. Powell,* 231 N.C. 190, 56 S.E. 2d 566; *Boone v. Boone,* 217 N.C. 722, 9 S.E. 2d 383; *James v. Dry Cleaning Co.,* 208 N.C. 412, 181 S.E. 341; *Foundry Co. v. Construction Co.,* 198 N.C. 177, 151 S.E. 93; *Keller v. Parrish,* 196 N.C. 733, 147 S.E. 9; *Parlier v. Miller,* 186 N.C. 501, 119 S.E. 898; *Ireland v. Lester, supra; Murphy v. Murphy, supra.*

In the case of *Ireland v. Lester, supra,* the precise question now before us was litigated. The partners entered into an agreement that upon the death of either partner, during the continuance of the contract, the interest of such decedent in the partnership business should be sold to and purchased by the survivor at a sum to be agreed upon by the partners. Thereafter they set the price at $50,000. The contract provided for an initial payment and the remainder was to be paid at the rate of $1,000 per year. The payments were to be made to the widow of the deceased partner. The widow instituted the action and the heirs at law of the deceased partner intervened alleging that the agreement was testamentary in character and void, and that they were entitled to share in the proceeds received from the sale of the partnership assets as heirs at law of the deceased partner who died intestate. The trial court in its judgment directed that "all interest that the decedent had in the partnership be conveyed to Cleveland J. Lester (the surviving partner), upon his paying

to the plaintiff the amount called for in the contract." The interveners appealed. The Supreme Court of Michigan held the agreement was not testamentary in effect and regardless of whether the money was paid to the estate or to the widow, the widow was a third party beneficiary and her rights under the contract vested at the time of its execution. Whereupon, the Court affirmed the judgment of the lower court.

Ordinarily, a surviving partner, in the absence of a partnership agreement providing otherwise, is charged with the duty to pay the firm debts, collect the partnership accounts, and account to the personal representatives of the deceased partner. It naturally follows that a partnership agreement is not binding on the firm's creditors unless they assent. 68 C.J.S., Partnership, section 401 (d), page 921. Furthermore, an interest in a partnership may be subjected to the payment of the individual debts of the partner. Therefore, the disposition of property by contract, enforceable at death, does not exempt such property from liability for the debts of the decedent any more effectually than if the property had been disposed of by will. However, it would make no difference in the instant case whether the balance due is paid to the executor of the last will and testament of Dorcas Jane Silverthorne or to an administrator of the estate of R. S. Silverthorne; provided there are no unsatisfied creditors of his estate. In no event would the distributees of R. S. Silverthorne, as such, take any interest in the balance which is due or to become due under the partnership agreement. Since there is no intimation on this record that any valid claim against the estate of R. S. Silverthorne is outstanding and unsatisfied, the judgment of the court below is

Affirmed.