Argued December 10, 1959, affirmed February 17, 1960

## LEIBEE, Executor et al v. LEIBEE et al
349 P. 2d 486

*E. R. Robnett,* Portland, argued the cause for appellants. With him on the brief was Chris· R. Marthaller, Portland.

*Gladys M. Everett,* Portland, argued the cause and filed a brief for respondent Grace L. Leibee.

Before McAllister, Chief Justice, and Warner, Sloan and King, Justices.

WARNER, J.

This is an appeal from the decree of the circuit court for Multnomah county in an action for a declaratory judgment brought by Jack W. Leibee and Leyda Cramer, son and daughter of Joseph C. Leibee, deceased, and Jack W. Leibee, as the executor of the estate of said decedent (all of whom we will refer to as the plaintiffs), against Grace L. Leibee, widow of the decedent, and Forbes A. Slayton and Verbel Slayton and the National Mortgage Company, a corporation. The Slaytons and the National Mortgage Company are stakeholders and not parties to this appeal. We will, therefore, refer to Grace L. Leibee as the defendant.

The instant litigation has its origin in a contract of sale and purchase of an apartment house, known as the Cardinell Apartments, located in Portland, Oregon. This was entered into on the twenty-seventh day of October, 1952, by Joseph C. Leibee, deceased, and the defendant, his widow, and therein described as the "Sellers," and Forbes A. Slayton and his wife, Verbel Slayton, therein described as the "Purchasers."

The issue presented is: who is entitled to receive and hold the unpaid balance of the purchase price remaining after the death of Joseph C. Leibee, his

widow or the executor of his estate? From a decree in favor of the defendant, the plaintiffs appeal. The facts are stipulated by the parties and the contract is made an exhibit thereto.

At the time of and prior to his marriage to the defendant on June 29, 1947, Joseph C. Leibee was the owner of the property which is the subject of the contract. By reason of the marriage, the defendant acquired an inchoate right of dower in the real property.

The following are the pertinent provisions of the sales agreement concerning the disposition of the deferred payments to be made by the Slaytons:

"Deferred payments hereinbefore provided shall be made to the Sellers direct or to such receiving agency for their account as they may from time to time direct the Purchasers, in writing; provided, that all of such payments shall be made within the City of Portland, in Multnomah County, Oregon."

The "Purchasers" agree to make payments to the "Sellers" as provided by the contract:

"* * * and provided further that should either of the parties Seller die prior to issue of Deed as hereinbefore provided, then from the date of death of such party Seller so dying, the survivor of the parties Seller shall be, by survivorship, the sole owner and holder of the rights of both parties Seller and shall at once forward be entitled to all of the benefits, including the right to receive all moneys yet unpaid hereunder, and shall be subject to all of the obligations of both parties Seller hereunder as though such surviving party Seller had originally executed this instrument along (sic) as an unmarried individual."

The last provision of the contract above quoted is the source from whence this controversy is derived.

Plaintiffs contend that this clause is purely testamentary in character and was consequently revoked by directions as to the disposition of the balance of this purchase contract found in a will subsequently executed by Joseph C. Leibee. The defendant represents that she acquired under this clause a vested present right to receive all payments made by the purchasers after the death of her husband.

The plaintiffs summarize their position in the conclusion as follows:

"The important question in this case is, what is the basis of Grace L. Leibee's claim to the proceeds of this contract? It most certainly must be based upon one of the following: (1) a will; (2) a gift inter vivos; (3) a gift causa mortis; (4) a conveyance; (5) a contract."

The trial court gave its answer to plaintiffs' question in these words:

"On October 27, 1952, Joseph C. Leibee and Grace L. Leibee, husband and wife, as sellers, and the defendants Forbes A. Slayton and Verbel Slayton, husband and wife, as purchasers of the real property described in the complaint * * * *each for a valuable consideration* entered into a properly executed written contract * * * which invested and charged each party thereto in Praesenti with *specified irrevocable contractual interests and obligations* * * *." (Emphasis supplied.)

We find ourselves in accord with the view of the trial court that the question raised here is one of contract. It is, therefore, unnecessary to consider argument relating to wills, gifts inter vivos, gifts causa mortis or conveyances, as plaintiffs suggest.

Plaintiffs argue that the contract of sale could not have vested any interest *in praesenti* in the defendant.

This contention appears to be a result of a confusion on the part of the plaintiffs concerning the operation of the contract as demonstrated by this statement from their brief:

"\* \* \* in order for the clause in question to be effective as a contract *between Joseph C. Leibee and Grace L. Leibee,* a present interest must have been created, and dominion and control of the proceeds of the contract given up by Joseph C. Leibee prior to his death. This element is definitely lacking." (Emphasis supplied.)

The defendant's contractual right did not arise as a result of a contract between the defendant and her husband, as is suggested by the quoted extract. An examination of the survivorship clause set out above discloses defendant's right is premised upon a promise flowing from the purchasers to defendant and her husband as sellers.

In *Bliss v. Southern Pacific Co.,* 212 Or 634, 646, 321 P2d 324, we said:

"When two or more persons competent for that purpose, upon a sufficient consideration, voluntarily agree to do or not to do a particular thing which may be lawfully done or omitted, they should be held to the consequences of their bargain. It is elementary that public policy requires that such contracts shall be held sacred and shall be enforced by the courts of justice unless some other overpowering rule of public policy intervenes which renders such agreement illegal or unenforceable."

That the parties to the instant contract were competent and voluntarily agreed with each other is not questioned in this appeal; consequently, if the agreement was lawful and made for a valid consideration, the provisions of the contract should be enforced.

The contract, in respect to the deferred payments, was bilateral at execution, i.e., the parties exchanged mutual promises. In return for the promise to make the deferred payments as therein provided, the purchasers received the promise of the sellers to convey by warranty deed upon full payment of the purchase price. Plaintiffs, however, argue that at the time of the execution of the contract, the defendant acquired no rights in the contract since she had no right to demand from the purchasers any due payment as her own; nor any right to demand from the decedent prior to his death all or any part of the proceeds; nor did she have any interest which could be levied upon by an attaching creditor. Assuming, but not deciding, that the above statements are correct, it does not follow that the purchasers' promise to pay the remaining balance of the purchase price to the surviving seller was not a valid enforceable promise flowing to the sellers.

> "* * * It is clear that the fact that rights are future and conditional does not prevent their recognition and protection; they are within the protection of the Constitutional provision against impairment of obligation by a State. A contract creating such rights is legally effective according to its terms; if the payment of money is promised therein, to either the promisee or a third party beneficiary, the existence of a 'contract right' is not denied merely because the money is payable in the future and only on the happening of an uncertain event or because some one has a power of termination or modification. If a right has to be 'vested' in order to be recognized and protected, these rights are vested. It is immaterial whether the parties 'expect' or 'hope' that payment will take place. The holder of a fire insurance policy very seldom gets the money promised him, and yet he is not disappointed in his 'expectations.' He both

hopes and expects that his house will *not* burn down; yet no one doubts that he has 'rights' created by the policy contract." 3 Corbin, Contracts, 509-10 § 626. See, also, *Robinson's Women's Apparel v. Union B. & T. Co.,* 67 F Sup 395 (DC SD NY).

We have held that persons desiring to impress a survivorship interest on personal property can do so by an agreement clearly expressing such intention. *Manning v. U. S. Nat. Bank,* 174 Or 118, 131, 148 P2d 255; *Erickson v. Erickson,* 167 Or 1, 115 P2d 172; *Stout v. Van Zante,* 109 Or 430, 438, 219 P 804, 220 P 414; *Beach v. Holland,* 172 Or 396, 415, 142 P2d 990, 149 ALR 866.

Notwithstanding our fidelity to the doctrine prohibiting tenancies by the entirety in personal property, we have upheld rights of survivorship in joint bank accounts (*In re Edwards' Estate,* 140 Or 431, 14 P2d 274) and stock certificates (*Manning v. U. S. Nat. Bank,* supra). We find no persuasive reason why such a right cannot be created in a chose in action represented by a contract for the sale and purchase of real property.

Here, the purchasers' promise to pay the balance of the purchase price to the surviving seller is enforceable if supported by consideration. Mrs. Leibee, by signing the executory contract of sale with her husband, conditionally extinguished her inchoate right of dower. *Western States Finance Co. v. Ruff,* 108 Or 442, 215 P 501, 216 P 1020; *Brown v. Sec. Sav. & Trust Co.,* 140 Or 615, 14 P2d 1107.

■ Dower is a valuable right and its relinquishment, even while still inchoate, constitutes a valuable consideration which will support a transfer to or contract with the wife. *Motley v. Sawyer,* 38 Me 68, 74; *Reiff*

*v. Horst,* 55 Md 42, 49; *Flynn v. Flynn,* 171 Mass 312, 50 NE 650, 651; *David Adler & Sons Clothing Co. v. Hellman,* 55 Neb 266, 75 NW 877, 884; *Nims v. Bigelow,* 45 NH 343, 347; *In re Alexander,* 53 NJ Eq 96, 30 A 817, 818; *Singree v. Welch,* 32 Ohio St 320, 325; *Re Cropsey Ave.,* 268 NY 183, 197 NE 189, 101 ALR 694, 696; *Hamm v. Butler,* 215 Ala 572, 112 S 141, 144; *Briegel v. Briegel,* 307 Pa 93, 160 A 581, 583. See, also, 2 Tiffany, Real Property (3d ed) 423 § 533; 28 CJS 109, Dower § 42; 17A Am Jur 356, Dower § 86.

The relinquishment of the inchoate right of dower has been held by this court to constitute a valid consideration in return for an interest in other real property (*Weatherford v. Weatherford,* 199 Or 290, 303, 257 P2d 263, 260 P2d 1097), and for a promise to pay $3,000 (*Western States Finance Co. v. Ruff,* supra, at 449).

Arkansas and Florida have recently been faced with facts essentially similar to those before the court and have reached the conclusion that the extinguishment by a wife, as one of the sellers, of her inchoate right of dower operates as consideration for a promise to pay to the wife the balance remaining on the purchase price of real property and that such a promise is enforceable.

In *Jordan v. Jordan,* 217 Ark 30, 228 SW2d 636, 637 (1950), the Supreme Court said:

"* * * The [widow] had an inchoate dower interest in [the property]. She signed the contract as a seller, binding herself to join in a deed when the note was paid in full. In these circumstances she was not a mere donee but rather was a party to the contract, which recited that the note was payable to her and her husband. Her rights in the note arose not from a gift but from her agree-

ment to release her dower in return for being named as a payee in the note. * * *"

The Florida court in *Tingle v. Hornsby,* 111 S2d 274, 277 (Fla 1959), recently faced with a similar problem, adopted the reasoning of the Jordan case. In discussing and approving the decision, the Florida court observed:

> "* * * Her [the widow's] rights [in the Jordan case] by survivorship were held to arise from her agreement to release her dower interest rather than as a donee of an interest gratuitously given by her husband. We think the existence of the promissory note in the cited case is of no consequence in distinguishing it from the instant case, since nothing was added thereby, either to the purchaser's obligation or to other terms of the contract."

A number of other jurisdictions have held that an agreement to pay money at a specified time after death of the promisee is a contract, and is not testamentary in nature, and must be enforced according to its terms, in the absence of other possible defenses. Such a contract was before the court in *Kerrigan's Estate v. Joseph E. Seagram & Sons,* 199 F2d 694 (3d Cir 1952). The court simplified the contractual relationship of the parties in these words:

> "* * * P, promisor, buys a business from its owners, A and B. P is to pay for his purchase in a given number of annual installments. By the terms of the agreement the division of each annual payment between A and B is to be determined by agreement between them so long as both live. If one dies during the continuance of the period of annual payments, then P agrees to pay all of the remaining installments to the survivor. A and B in this case are the Kerrigans. * * * Does this arrangement constitute a testamentary disposition

which must conform to the formalities legislatively established for wills? The district court said that it did."

The court then resolved its answer in terms of the law of New York, holding:

"* * * By New York law such an agreement is not testamentary but is a contract to be enforced according to its terms absent other possible defenses to it. * * *" (199 F2d 698)

See the New York cases there cited and the long annotation in 1 ALR2d 1178. See, also, *In re Howe's Estate,* 31 Cal2d 395, 189 P2d 5, 7, 1 ALR2d 1171; *Papa v. Vacchina,* 321 P2d 245, 247 (Nev 1958); *Robinson's Women's Apparel v. Union B. & T. Co.,* supra; *Ireland v. Lester,* 298 Mich 154, 298 NW 488, 490; *Silverthorne v. Mayo,* 238 NC 274, 77 SE2d 678, 680.

■ We hold that the provision in the contract conferring on Mrs. Leibee a survivorship interest in the unpaid balances remaining at the time of her husband's death was supported by a valid consideration and was an irrevocable obligation which could not be thereafter destroyed by unilateral action on the part of either Mr. Leibee or his wife nor by any testamentary provision to the contrary subsequently made by Mr. Leibee. We do not hold, however, that the presence of a valid consideration is the sole and only method of creating a vested and valuable interest in one spouse by the other.

The decree of the circuit court is affirmed.